UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOT H. ATWOOD, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>      v.<br><br>INTERCEPT PHARMACEUTICALS, INC., MARK PRUZANSKI and DAVID SHAPIRO,<br><br>                     Defendants. | No. 1:14-cv-01123-NRB<br><br>ECF  Case |
| GEORGE BURTON, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>      v.<br><br>INTERCEPT PHARMACEUTICALS, INC., MARK PRUZANSKI and DAVID SHAPIRO,<br><br>                     Defendants. | No. 1:14-cv-01373-NRB<br><br>ECF  Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEE MUI LENG FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Proposed lead plaintiff Lee Mui Leng ("Movant") respectfully submits this memorandum of law in support of her motion for consolidation of related cases, appointment as lead plaintiff and approval of lead counsel on behalf of a putative Class of all purchasers of Intercept Pharmaceuticals, Inc. securities during the Class Period (as defined below).

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the person or group with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Lee Mui Leng believes that she is the "most adequate plaintiff" as defined by the PSLRA, and should be appointed lead plaintiff based on her financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. Moreover, Lee Mui Leng otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as her claims are typical of other Class members' claims, and she will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel should be approved, as this firm has substantial expertise and experience in securities class action litigation.

## I. FACTUAL BACKGROUND

This is a securities class action alleging violations of the anti-fraud provisions of the federal securities laws on behalf of a putative class comprising all persons who purchased the publicly traded securities of Intercept Pharmaceuticals, Inc. ("Intercept" or the "Company") between January 9, 2014 and January 10, 2014, inclusive (the "Class Period"), seeking to pursue

remedies under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

Intercept is a development stage biopharmaceutical company focused on the development and commercialization of new clinical drugs. The Company's primary drug compound – obeticholic acid ("OCA") – is in various phases of clinical development, primarily for the treatment of chronic liver diseases. To date, none of the Company's drug products, including OCA, have received marketing approval from the U.S. Food and Drug Administration.

On January 9, 2014 and January 10, 2014, Intercept announced that its Phase 2 clinical trial of OCA for the treatment of non-alcoholic steatohepatitis had already met its efficacy endpoints with a high degree of statistical significance. As a result of the Company's announcements, the price of Intercept common stock price skyrocketed from its $72.39 per share closing price on January 8, 2014, to a January 10, 2014 close of $445.83 per share.

Plaintiffs allege that defendants' statements were materially misleading when made because defendants failed to disclose material adverse news concerning the Phase 2 study; specifically, the Phase 2 study showed that participants taking OCA suffered disproportionate lipid abnormalities compared to those participants taking placebo, and the National Institutes of Health (NIH) had informed defendants of this fact before they made the positive statements concerning OCA on January 9, 2014 and January 10, 2014.

On January 10, 2014, after the markets closed, the NIH's National Institute of Diabetes and Digestive and Kidney Diseases issued a press release stating that while the efficacy primary endpoint for OCA in the Phase 2 study had already been met, participants in the study who received the drug suffered disproportionate levels of lipid abnormalities.

As a result of the NIH's January 10, 2014, disclosure of OCA's safety risks, Intercept's stock price dropped from $445.83 to $364.36 per share on January 13, 2014 – an 18.2% drop. Intercept stock continued to decline on January 14, 2014, as investors reacted to this negative news. Plaintiffs alleges that this decrease in the Company's stock price was a result of the artificial inflation caused by defendants' misleading statements on January 9, 2014 and January 10, 2014 coming out of the stock price.

## II.   PROCEDURAL HISTORY

Plaintiff Scot H. Atwood ("Atwood") commenced the first securities class action against Intercept in this District on February 21, 2014. Also on that day, counsel for Atwood published a notice on *Business Wire* announcing that a securities class action had been initiated against the defendants herein. *See* Declaration of Gregory B. Linkh In Support of Motion of Lee Mui Leng for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Linkh Declaration") at Exhibit ("Exh.") B.

In addition and subsequent to the filing of the *Atwood* complaint, a related action – *Burton v. Intercept Pharmaceuticals, Inc., et al.,* No. 1:14-cv-01373-NRB – was filed in this District on February 28, 2014 (collectively, the "Related Actions"). Each of the Related Actions is reflected above in the caption of this document.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action names the same defendants, each alleges violations of federal securities laws, and each of these actions is based on the same wrongful course of conduct during identical putative Class Periods and present the same or similar theories for recovery. Because these actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all of the actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.     Lee Mui Leng Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

As set forth below, Lee Mui Leng satisfies all of these criteria. Movant purchased Intercept securities during the Class Period and suffered significant financial losses as a result. Movant has complied with all of the PSLRA's requirements to be appointed lead plaintiff; she has, to the best of her knowledge, the largest financial interest in this litigation and otherwise meets the relevant requirements of Federal Rule of Civil Procedure 23, and Movant is not aware of any unique defenses defendants could raise against her that would render Movant inadequate to represent the Class. Accordingly, Lee Mui Leng respectfully submits that she should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.   Movant Is Making a Motion in Response to a PSLRA Notice

On February 21, 2014, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Atwood published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against the defendants herein and advising purchasers of Intercept securities that they had 60 days from the publication of the February 21, 2014, notice to file a motion to be appointed as lead plaintiff. *See Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 62-

63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movant timely files the instant motion pursuant to the February 21, 2014 notice, and submits herewith her sworn certification attesting that Lee Mui Leng is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Linkh Declaration, Exh. C. Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2. Movant Has the Largest Financial Interest in This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated herein, Movant believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

During the Class Period, Movant purchased Intercept shares at prices alleged to be artificially inflated by defendants' misstatements and omissions, and as a result suffered financial losses of approximately $5,465. *See* Linkh Declaration, Exh. D. Movant is not aware of any other Class member claiming larger financial losses that has filed a motion for appointment as lead plaintiff and, consequently, Movant believes that she has the largest financial interest in the relief sought by the Class. Movant thus satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The third requirement to be appointed lead plaintiff, as set forth in the PSLRA, is satisfied when the lead plaintiff candidate possessing the largest financial interest in the outcome of the litigation makes a preliminary showing that it "otherwise satisf[ies] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Id.* at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the putative Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEE MUI LENG FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

7

disseminating materially misleading statements concerning Intercept's business, operations and financial prospects. Movant, like all of the members of the Class, purchased Intercept securities at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby. Accordingly, Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the Class.

### b. Movant Is an Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and the movant's claims are not antagonistic to other class members' claims. *Id.* Here, Movant has retained competent, experienced counsel and has made this motion to be appointed lead plaintiff, and Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class. Movant also sustained significant financial losses from her investments in Intercept securities, and she is, therefore, motivated to vigorously pursue the claims in this action. *See* Linkh Declaration, Exh. D.

### C. The Court Should Approve Lead Plaintiff's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on her behalf, and will retain this firm as plaintiffs' lead counsel in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by

the firm's résumé attached to the Linkh Declaration as Exh. E. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant her motion and enter an Order (a) consolidating the above-captioned cases, (b) appointing Lee Mui Leng as lead plaintiff, (c) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 22, 2014                     GLANCY BINKOW & GOLDBERG LLP

By: _s/ Gregory B. Linkh_____
Gregory B. Linkh (GL 0477)
Brian P. Murray (BM 9954)
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

    -and-

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Michael Goldberg
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Proposed Lead Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO SOUTHERN DISTRICT OF NEW YORK
ECF AND LOCAL RULES AND BY MAIL
ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 122 East 42nd Street, Suite 2920, New York, New York 10168.

On April 22, 2014, I caused to be served the following documents:

1. **NOTICE OF MOTION AND MOTION OF LEE MUI LENG FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

2. **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEE MUI LENG FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

3. **DECLARATION OF GREGORY B. LINKH IN SUPPORT OF MOTION OF LEE MUI LENG FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the attached Court's Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 22, 2014, at New York, New York.

*s/ Gregory B. Linkh*
Gregory B. Linkh

Case 1:14-cv-01123-NRB   Document 10   Filed 04/22/14   Page 12 of 13

# Mailing Information for a Case 1:14-cv-01123-NRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael G. Bongiorno**
  michael.bongiorno@wilmerhale.com

- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com

- **Tamar Batya Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 1:14-cv-01373-NRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael G. Bongiorno**
  michael.bongiorno@wilmerhale.com

- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com

- **Tamar Batya Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Lesley F Portnoy**
  lfportnoy@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`