# EXHIBIT A

## GLANCY BINKOW & GOLDBERG LLP
ATTORNEYS AT LAW

NEW YORK OFFICE
122 EAST 42ND STREET, SUITE 2920
NEW YORK, NY 10168
TELEPHONE (212) 682-5340
FACSIMILE (212) 382-3944

1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

TELEPHONE (310) 201-9150
FACSIMILE (310) 201-9160
Info@glancylaw.com

SAN FRANCISCO OFFICE
ONE EMBARCADERO CENTER, SUITE 760
SAN FRANCISCO, CA 94111
TELEPHONE (415) 972-8160
FACSIMILE (415) 972-8166

Via ECF

April 22, 2014

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Atwood v. Intercept Pharmaceuticals, Inc., et al., No. 1:14-cv-01123-NRB
      Burton v. Intercept Pharmaceuticals, Inc., et al., No. 1:14-cv-01373-NRB

Dear Judge Buchwald:

We represent Lee Mui Leng ("Leng"), a proposed lead plaintiff in the above-referenced matters. Each of these related actions alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Rule 10b-5 promulgated thereunder, on behalf of a putative class of purchasers of Intercept Pharmaceuticals, Inc. securities between January 9, 2014 and January 10, 2014. We write pursuant to Your Honor's Individual Rules of Practice in connection with Leng's motion for consolidation, appointment as lead plaintiff and approval of lead counsel.

First, Leng seeks consolidation of the above-referenced actions pursuant to Federal Rule of Civil Procedure 42(a) because each of these actions names the same defendants, each alleges the same violations of federal securities laws, and each of these actions is based on the same events and course of conduct during identical putative class periods. Because the same discovery and similar class certification issues will be relevant to all of these actions, Leng asserts that consolidation under Rule 42(a) is appropriate.

The PSLRA directs a court to appoint the "most adequate plaintiff" as lead plaintiff, as soon as practicable after a decision to consolidate is rendered. 15 U.S.C. §78u-4(a)(3)(B)(ii). The statute provides that any member of the putative class who files a complaint or timely motion may seek appointment as lead plaintiff, and further provides a rebuttable presumption that the plaintiff with the largest financial interest in the relief sought by the Class who preliminarily satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" to represent the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(iii).

Second, Leng's motion asserts that she is the "most adequate plaintiff" and should be appointed as lead plaintiff for the following reasons:

Hon. Naomi Reice Buchwald
April 22, 2014
Page 2

1. Leng's motion is filed within the 60-day period following publication of a PSLRA notice of the filing of the first of the above-referenced actions, and thus is timely filed;

2. Leng suffered significant financial losses as a result of her purchase of Intercept securities during the putative class period. As a result, to the best of her knowledge, Leng has the "largest financial interest in the relief sought by the Class" of any lead plaintiff movant; and

3. Leng satisfies the typicality and adequacy requirements of Rule 23 because her claims are based on the same events and course of conduct as other class members' claims; moreover, she is ready, willing and able to vigorously represent the interests of class members, and there is no conflict between her claims and those asserted on behalf of the class.

In addition, Leng requests approval of her choice of counsel as lead counsel for the class because she has chosen a law firm with extensive experience and expertise in securities class action litigation, and thus will provide the class with a high level of legal representation.

For the foregoing reasons, and those stated in her opening memorandum of law, Leng respectfully requests that the Court grant her motion in its entirety.

Respectfully submitted,

Michael Goldberg
Glancy Binkow & Goldberg LLP