UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SCOT H. ATWOOD, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>INTERCEPT PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | : : : : : : : : : : : : : | Civil Action No. 1:14-cv-01123-NRB<br><br>CLASS ACTION |
| GEORGE BURTON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>INTERCEPT PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | : : : : : : : : : : : : : | Civil Action No. 1:14-cv-01373-NRB<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF GEORGE BURTON'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

Plaintiff and class member George Burton ("Burton") respectfully submits this memorandum of law in support of his motion for an order: (1) consolidating the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing him lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA); and (3) approving his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the proposed class.

## I.  INTRODUCTION

Presently pending in this District are two related securities class action lawsuits (the "Related Actions") brought on behalf of all persons who purchased Intercept Pharmaceuticals, Inc. ("Intercept" or the "Company") securities between January 9, 2014 and January 10, 2014 (the "Class Period") against the Company and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 (17 C.F.R. §240.10b-5) promulgated thereunder: (1) *Atwood v. Intercept Pharmaceuticals, Inc., et al*, No. 1:14-cv-01123-NRB (filed 02/21/14); and (2) *Burton v. Intercept Pharmaceuticals, Inc., et al*, No. 1:14-cv-01373-NRB (filed 02/28/14).

Under the PSLRA, the court must first determine whether to consolidate the Related Actions prior to selecting a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure.  Consolidation will promote judicial efficiency, prevent duplication and is appropriate as each of the Related Actions assert substantially the same (if not identical) claims and raise substantially the same questions of fact and law.

After consolidation, the PSLRA directs the court to appoint as lead plaintiff the class member "the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Burton should be appointed lead plaintiff because he: (1) timely filed this Motion; (2) possesses the largest financial interest in the relief sought by the class of any

qualified plaintiff; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Burton's selection of Robbins Geller as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    SUMMARY OF THE ACTION

Intercept is a pharmaceutical company that has been developing and trying to bring to market new clinical drugs. The Company's primary drug compound, known as obeticholic acid ("OCA"), is in various phases of clinical development, primarily for the purpose of treating chronic liver diseases, including non-alcoholic steatohepatitis ("NASH").

The complaint alleges on January 9, 2014 and January 10, 2014, Intercept announced that its Phase 2 trial of OCA for the treatment of NASH had been stopped early for efficacy based on an interim analysis that showed that the efficacy endpoint of the trial had been met. As a result of the Company's announcements, the Company's stock price skyrocketed from a January 8, 2014 close of $72.39 per share to a January 10, 2014 close of $445.83 per share.

Then, on Friday, January 10, 2014, after the markets closed, the National Institutes of Health's ("NIH") National Institute of Diabetes and Digestive and Kidney Diseases issued a press release stating that while the efficacy primary endpoint for OCA in the Phase 2 study had already been met, participants in the study who received the drug suffered disproportionate levels of lipid abnormalities. The complaints allege that, as a result of the NIH's January 10, 2014, disclosure of OCA's safety risks, Intercept's stock price dropped over $81 per share – a decline of 18.2% – from $445.83 to $364.36 per share on Monday, January 13, 2014, and continued to fall on January 14, 2014 to a close of $255.12 per share, as investors continued to digest and react to this negative news.

**III.   ARGUMENT**

    **A.   The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Act] has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §8u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

Here, the Related Actions share numerous common questions of law and fact. For example, the Related Actions both allege that, during a similar time period, Intercept and certain of its officers and/or directors issued materially false and misleading statements regarding the Company's drug trial. Likewise, the Related Actions both assert that these defendants violated the federal securities laws as a result of their materially false statements and omissions – specifically, §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 – and that class members suffered damages as a result of this misconduct.

Given the numerous common questions of law and fact presented by the Related Actions, their consolidation would result in significant efficiencies and improve judicial economy and should therefore be granted pursuant to Rule 42(a).

    **B.   Burton Should Be Appointed Lead Plaintiff**

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

>(aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Burton meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1. Burton's Motion Is Timely

On February 21, 2014, the first-issued notice advised class members of the pendency of this action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff 60 days from the notice, or by April 22, 2014. *See* Declaration of David A. Rosenfeld in Support of George Burton's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Rosenfeld Decl."), Ex A. Thus, Burton filed within the applicable deadline and his motion is eligible to be considered for lead plaintiff appointment.

### 2. Burton Possesses the Largest Financial Interest

During the Class Period, Burton purchased 1,000 shares of Intercept securities at a cost of $494,900 and suffered more than $100,000 in losses as a result of defendants' fraud. *See* Rosenfeld Decl., Ex. B. To the best of his counsel's knowledge, no eligible plaintiffs have a larger financial interest. Therefore, Burton satisfies the PSLRA's requisite of having the largest financial interest.

### 3. Burton Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the

typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).

"'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Id.* at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). Burton's claims are typical because, like all class members, he purchased Intercept securities at prices artificially inflated by defendants' fraud then suffered damages when the price of these shares declined after the truth was revealed to the market. *See* Rosenfeld Decl., Ex. B. Burton's claims rise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove defendants' liability. Thus, Burton satisfies the typicality requirements of Rule 23(a)(3).

"'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class.'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4). Burton meets this test. Burton's substantial financial interest in the outcome of this action demonstrates that his interests are aligned with those of the class. *See* Rosenfeld Decl., Ex. B. Moreover, Burton has selected highly experienced counsel committed to vigorously prosecuting this action to a successful conclusion. *Id.*, Ex. C.

Because Burton has the largest financial interest of all class members who have timely moved for lead plaintiff appointment and otherwise satisfies Rule 23, he should be appointed Lead Plaintiff for the consolidated action.

### C. Burton's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead

plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, Burton has selected Robbins Geller to serve as lead counsel for the class.  Rosenfeld Decl., Ex. C.

With more than 200 lawyers in offices nationwide, including within this District, Robbins Geller possesses substantial experience litigating complex securities actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See generally id*.  District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Sgalambo*, 258 F.R.D. at 175, 177 (appointing Robbins Geller lead counsel and noting its "substantial securities class action experience"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation" of Robbins Geller's attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").  *See also* Rosenfeld Decl., Ex. C.

Thus the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller.  *See, e.g., Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (Robbins Geller is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions.").  Accordingly, the Court should approve Burton's selection of counsel.

## IV.   CONCLUSION

The Related Actions should be consolidated because they present substantially similar, if not identical, factual and legal issues.  In addition, Burton has timely filed this Motion seeking appointment as lead plaintiff, has the largest financial interest in this litigation of any qualified plaintiff, and will fairly and adequately represent the interests of the class.  Moreover, Burton has

retained counsel with the resources and experience necessary to adequately represent the interests of all class members.  For these reasons, Burton respectfully requests that this Court grant his motion to consolidate the Related Actions, appoint him as lead plaintiff and approve his selection of Robbins Geller as lead counsel.

DATED:  April 22, 2014

Respectfully submitted,
ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


         s/ David A. Rosenfeld
         DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

POMERANTZ LLP
JEREMY A. LIEBERMAN
LESLEY F. PORTNOY
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)

Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 22, 2014.

    s/ David A. Rosenfeld
    DAVID A. ROSENFELD

    ROBBINS GELLER RUDMAN
        & DOWD LLP
    58 South Service Road, Suite 200
    Melville, NY  11747
    Telephone:  631/367-7100
    631/367-1173 (fax)

    E-mail:drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:14-cv-01123-NRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael G. Bongiorno**
  michael.bongiorno@wilmerhale.com

- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com

- **Tamar Batya Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
George Burton
,
```