UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
SCOT H. ATWOOD, Individually and on      :    Civil Action No. 1:14-cv-01123-NRB
Behalf of All Others Similarly Situated,      :
                                              :    CLASS ACTION
                     Plaintiff,               :
                                              :
        vs.                                   :
                                              :
INTERCEPT PHARMACEUTICALS, INC., et           :
al.,                                          :
                                              :
                     Defendants.              :
————————————————————      :
GEORGE BURTON, Individually and on            :    Civil Action No. 1:14-cv-01373-NRB
Behalf of All Others Similarly Situated,      :
                                              :    CLASS ACTION
                     Plaintiff,               :
                                              :
        vs.                                   :
                                              :
INTERCEPT PHARMACEUTICALS, INC., et           :
al.,                                          :
                                              :
                     Defendants.              :
———————————————————— x


GEORGE BURTON'S MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO COMPETING MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF

On April 22, 2014, George Burton ( "Burton") filed a motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), requesting an order appointing Burton as lead plaintiff for a class of persons who purchased or otherwise acquired Intercept Pharmaceuticals, Inc. ("Intercept") securities between January 9, 2014 and January 10, 2014 (the "Class Period"), and approving his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.  Dkt. No. 12.

Only one other class member filed a competing motion on that date:  an individual, Lee Mui Leng ("Leng") (Dkt. No. 9).  Burton submits this memorandum in further support of his motion for appointment as lead plaintiff and approval of selection of counsel (Dkt. No. 12), and in opposition to Leng's motion for appointment as lead plaintiff.

## I.     INTRODUCTION

The information contained in the submissions by the two lead plaintiff movants reflects that Burton is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Burton has the largest financial interest in the securities class actions pending against Intercept, in that his loss of more than $100,000 is greater than the loss claimed by Leng. Burton also meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  Accordingly, Burton should be appointed as Lead Plaintiff, and his selection of lead counsel should be approved.

## II.    ARGUMENT

### A.     Burton Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise

satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001) ("*Cendant I*") (setting forth PSLRA standard); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005 ("*Cendant II*") (same); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (sa

As reflected below, Burton possesses the "largest financial interest" in this litigation:

| MOVANT | LOSS |
|--------|------|
| Burton | $100,000+ |
| Leng | $5,464.79 |

Burton suffered a larger loss than Leng and there can be no dispute that he possesses the largest financial interest in the relief sought by the class and has an incentive to vigorously prosecute this case.

Moreover, Burton also "otherwise satisfies the requirements of Rule 23," as required by the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc), and is capable of representing all class members. Burton is also an adequate class representative that, having filed the first action against Intercept, is dedicated to pursuing this action on behalf of the class.  Consequently, Burton has the largest financial interest, satisfies Rule 23's requirements, and, thus, is presumptively the "most adequate plaintiff."  Moreover, this presumption cannot be rebutted unless it is ***proven*** that Burton cannot satisfy the typicality and adequacy requirements of Rule 23.  *See Cendant I*, 264 F.3d at 268 ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job.").

**B.    Burton's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff appointed by the court to select and retain counsel to represent the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

- 2 -

Burton requests that the Court approve its selection of Robbins Geller as lead counsel for the class.

*See* Dkt. No. 14-3 (detailing experience of Robbins Geller in prosecuting securities class actions).

## III.    CONCLUSION

Burton possesses the largest financial interest in the relief sought by the class in this case.  In addition, Burton satisfies Rule 23's requirements of adequacy and typicality, and the presumption that lies in favor of Burton cannot be rebutted.  Leng does not possess the largest financial interest in the relief sought by the class.  As a result, Burton respectfully requests that the Court enter an order: (1) appointing him to serve as Lead Plaintiff in this action; (2) approving his selection of Lead Counsel; and (3) denying Leng's motion for appointment as lead plaintiff.

DATED:  May 9, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

- 3 -

940747_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
triciam@rgrdlaw.com

POMERANTZ LLP
JEREMY A. LIEBERMAN
LESLEY F. PORTNOY
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)

[Proposed] Lead Counsel for Plaintiffs

- 4 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 9, 2014.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

940747_1

# Mailing Information for a Case 1:14-cv-01123-NRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael G. Bongiorno**
  michael.bongiorno@wilmerhale.com

- **Shauna Kathleen Friedman**
  shauna.friedman@wilmerhale.com

- **Tamar Batya Kaplan-Marans**
  tamar.kaplan-marans@wilmerhale.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)