Buchwald, N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re INTERCEPT PHARMACEUTICALS,   :   Civil Action No. 1:14-cv-01123-NRB
INC. SECURITIES LITIGATION         :
                                   :   CLASS ACTION
---------------------------------------------------------- :
                                   :   STIPULATION AND [~~PROPOSED~~]
This Document Relates To:          :   PROTECTIVE ORDER
                                   :
    ALL ACTIONS.                   :
                                   :
---------------------------------------------------------- x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/25/2015

1014254_1

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this action respectfully request that the Court issue a protective order to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed in connection with discovery in this case, and to guard against the waiver of attorney-client privilege and work product protection pursuant to Federal Rule of Evidence 502(d). The parties by and through their counsel hereby stipulate to the following terms governing the pre-trial phase of this action:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) previously nondisclosed financial information;

    (b) previously nondisclosed business plans, product development, formulation, or research information, marketing plans, commercial information or trade secrets;

    (c) any information of a personal or intimate nature regarding any individual; provided, however, that nothing in this Order prejudices in any way any objection to, or position concerning, production of the foregoing (including, without limitation, individually identifiable health information, names, telephone numbers, addresses and Social Security numbers of patients and research subjects);

    (d) previously nondisclosed information that a party is not permitted to disclose under applicable federal regulations, including, without limitation, 21 C.F.R. §20.63(f); or

    (e)  any other category of information hereinafter given confidential status by the Court.

   3.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record or within 14 days of the deposition that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

   4.  If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

   5.  No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a)  the parties to this action;

    (b)  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)   deponents, or witnesses in this action, and their counsel, to whom disclosure is reasonably necessary for this litigation;

(e)   any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)   court reporters, and other professional vendors to whom disclosure is reasonably necessary for this litigation; and

(g)   the Court and its support personnel.

6.   Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(e) and 5(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

7.   Because the Discovery Materials submitted to the Court may be designated as "Confidential" by an adversary party or a third party and the filing party may disagree or have no position with respect to whether sealing the document is necessary, the filing party will initially file all "Confidential" documents under seal and file a motion indicating they are filing said documents under seal pursuant to the "Confidential" designation by an adversary party or third party. Thereafter, the designating party will have ten days to show why sealing is necessary and consistent with Fed. R. of Civ. P. 26(c)(1).

8.   Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the

designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will submit a joint letter to the Court to obtain a ruling.

9.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford Confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford Confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event a party becomes aware of an unauthorized or inadvertent disclosure of Confidential Discovery Material, the party must promptly notify the other party.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

13. Within five business days of the notification that materials have been inadvertently disclosed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The return, sequester or destruction of any Inadvertently Disclosed Information shall not in any way preclude the receiving party from moving the Court for an Order compelling production of the Inadvertently Disclosed Information. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

15. The Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action including the time for appeal, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain confidential material.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

DATED: March __, 2015

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
TRIG R. SMITH
KEVIN A. LAVELLE

TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
trigs@rgrdlaw.com
klavelle@rgrdlaw.com

- 5 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Plaintiffs

POMERANTZ LLP
JEREMY A. LIEBERMAN
LESLEY F. PORTNOY
600 Third Avenue
New York, NY 10016
Telephone: 212/661-1100
212/661-8665 (fax)

Additional Counsel for Plaintiffs

DATED: March 20, 2015

WILMER CUTLER PICKERING HALE AND
DOOR LLP
MICHAEL G. BONGIORNO
SHAUNA K. FRIEDMAN
ARI J. SAVITZKY

_____
MICHAEL G. BONGIORNO

7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212/230-8800
212/230-8888 (fax)

Attorneys for Defendants Intercept
Pharmaceuticals, Inc., Mark Pruzanski and David
Shapiro

- 6 -

*   *   *

**ORDER**

IT IS SO ORDERED.

DATED: March 24, 2015

*[signature]*

THE HONORABLE NAOMI REICE
BUCHWALD
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re INTERCEPT PHARMACEUTICALS,    :   Civil Action No. 1:14-cv-01123-NRB
INC. SECURITIES LITIGATION                      :
                                                                        :   <u>CLASS ACTION</u>
                                                                        :
This Document Relates To:                           :   NON-DISCLOSURE AGREEMENT
                                                                        :
    ALL ACTIONS.                                     :
                                                                        :
---------------------------------------------------------- x

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or provide in writing that said information has been destroyed By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    DATED: _____    _____

- 1 -