_Buchwald, N._

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

In re INTERCEPT PHARMACEUTICALS,      :      Civil Action No. 1:14-cv-01123-NRB
INC. SECURITIES LITIGATION             :
                                       :      CLASS ACTION
——————————————————— :
                                       :      [~~PROPOSED~~] JOINT CASE
This Document Relates To:              :      MANAGEMENT STATEMENT AND
                                       :      SCHEDULING ORDER
      ALL ACTIONS.                     :
                                       :
——————————————————— x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/25/2015
```

The parties to the above-captioned action jointly submit this Proposed Case Management Statement and Scheduling Order and request the Court to adopt it as the Case Management Order in this action.

## I.   PRETRIAL SCHEDULE

### A.   Initial Disclosures:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by April 13, 2015.

### B.   Defendants' Answer:

Defendants shall serve and file their Answer by April 13, 2015.

### C.   Class Certification:

Pursuant to Fed. R. Civ. P. 23(c), Plaintiff shall move for class certification by July 15, 2015. The parties agree that, prior to the filing of a motion for class certification, the parties shall meet and confer and submit a proposed briefing schedule for such motion.

### D.   Deadline for Joinder of the Parties and Amendment of Pleadings:

The deadline for joinder of parties and amendment of pleadings pursuant to Fed. R. Civ. P. 15(a) shall be September 20, 2015.

### E.   Fact Discovery Cut-Off[1]:

The fact discovery cut-off shall be November 20, 2015.

### F.   Expert Witness Disclosure and Discovery:

1.   Plaintiff shall designate all experts and provide Defendants with all information specified in Fed. R. Civ. P. 26(a)(2) by January 29, 2016.

---

[1]   A discovery "Cut-Off" is defined as the date by which all relevant, non-privileged information shall be produced (absent Court order to the contrary) and all motions to compel the production of such information shall be filed with the Court.   All discovery requests, except contention interrogatories as addressed by Local Civil Rule 33.3, shall be served on any party or non-party 30 days prior to the discovery "Cut-Off" date.

2.      Defendants shall designate all experts and provide Plaintiff with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 11, 2016.

3.      Plaintiff shall designate any rebuttal expert and provide Defendants with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 8, 2016.

4.      Expert discovery shall be completed by May 13, 2016.

**G.      Dispositive Motion Deadline:**

Dispositive motions and supporting materials shall be filed no later than June 13, 2016.  The parties agree that, prior to the filing of any dispositive motion, the parties shall meet and confer and submit a proposed briefing schedule for such motion(s).

**H.      Pretrial Procedures**

Pretrial procedures shall be governed by Sections 3.A and 3.B in the Court's Individual Rules of Practice.

## II.      DISCOVERY LIMITATIONS

The parties agree that it is premature to determine whether any amendment to the discovery limitations pursuant to Fed. R. Civ. P. 30 (depositions) or Fed. R. Civ. P. 33 and Local Rule 33.3 (interrogatories) and/or whether any other limitations should be imposed is warranted.  Following the commencement of the production of documents, the parties agree to meet and confer and further discuss whether any amendment to the discovery limitations pursuant to Fed. R. Civ. P. 30 (depositions) or Fed. R. Civ. P. 33 and Local Rule 33.3 (interrogatories) and/or whether any other limitations should be imposed is warranted.

## III.      DEPOSITION PROTOCOL

The parties agree that the following provisions shall govern deposition procedures:

1.      **Scheduling.**  Absent extraordinary circumstances, counsel for the parties shall consult in advance in an effort to schedule depositions at mutually convenient times and places.

- 2 -

Counsel for the parties shall attempt to establish by mutual agreement a schedule for depositions in this proceeding that reflects sequencing consistent with the objective of avoiding the need to subject any person to repeated depositions. The parties shall work cooperatively to ensure a fair and orderly process for the scheduling of depositions. Depositions shall not be allowed, without leave of Court or by agreement of the parties, on less than fourteen days' notice.

      **2.**      **Objections.** Counsel shall comply with Fed. R. Civ. P. 30(c)(2). Directions to the deponent not to answer should only be made when necessary to preserve a privilege, enforce a limitation ordered by the Court, or to enable a party or deponent to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress a party or deponent. The only objections that may be raised at the deposition are those involving a privilege against disclosure or some matter that may be remedied if presented at the time, such as to the form or foundation of the question or the responsiveness of the answer. Objections on other grounds are unnecessary and shall not be made.

      The phrases "object as to form," "object as to foundation," or similar language are sufficient and shall preserve all objections as to the form or foundation of a question until a party seeks to use a deposition. To determine whether there is a need to cure a defect in a question, counsel conducting the examination may ask the attorney lodging a form or foundation objection to identify the specific defect. In addition, the examining attorney may elect to waive the requirement that objections be voiced regarding matters that may be remedied if presented at the time, and allow those objections to be preserved, in which event such objections are unnecessary and shall not be made. Any objections that are made must be stated concisely and in a non-argumentative and non-suggestive manner.

**3.    Privilege.**  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed and the general subject matter of the statement.

**4.    Exhibits.**  The parties agree to establish in advance of any depositions a system of numbering deposition exhibits to ensure that unique exhibit numbers, suitable for use at trial and in all motion papers and other submissions to the Court, is employed.

**5.    Transcripts.**  The following clause shall apply to all depositions in this action and shall be included in each transcript by the court reporter:

> 1. Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter.  Counsel shall promptly forward it to the witness for review, correction and signature under penalty of perjury.  Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

> 2. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.  After review, correction and signature, within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness.

> 3. The court reporter will provide the original transcript to the first examining attorney.  If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## IV.    PROTECTIVE ORDER

The parties have met and conferred and agreed upon a stipulated protective order tht is being filed concurrently with this Joint Case Management Statement and Scheduling Order.

## V.    AMENDMENTS TO THIS ORDER

This Scheduling Order may be altered or amended upon a showing of good cause.

- 4 -

\*     \*     \*

**O R D E R**

IT IS SO ORDERED.

DATED:  _March 24, 2015_

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

- 5 -