**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Tor Gronborg
torg@rgrdlaw.com

June 24, 2015

<u>VIA ECF & FACSIMILE</u>

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 21A
New York, New York 10007-1312

      Re:   *In re Intercept Pharmaceuticals, Inc. Sec. Litig.*,
            No. 1:14-cv-01123-NRB

Dear Judge Buchwald:

      We write on behalf of plaintiff in the above-captioned matter and in response to footnote 12 of defendants' June 23, 2015 letter-brief (Dkt. No. 55). In footnote 12, defendants state that they "plan to move for a protective order under Fed. R. Civ. P. 26" and block third party discovery regarding Intercept's stock offerings and defendants' transactions in Intercept Pharmaceuticals, Inc. ("Intercept") stock. It is unclear from defendants' letter-brief whether they intend for footnote 12 to serve as their Local Civ. R. 37.2 request to schedule a pre-motion conference or whether defendants intend to file a separate letter-motion on the issue. Assuming defendants intend for footnote 12 to serve as their Local Civ. R. 37.2 request, plaintiff respectfully requests that the Court consider the following, brief response.[1]

      As an initial matter, defendants do not have standing to interfere with third party discovery. As a general rule, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *see also US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party."). Defendants have never identified any purportedly privileged material that would be produced in response to plaintiff's third party subpoenas. Indeed, Fed. R. Civ. P. 26(c)(1) itself specifically provides that it is the "party or any person ***from whom discovery is sought***" that has the right to move protective order. The third party subpoenas here, obviously, do not seek discovery from defendants.

---

[1] While Plaintiff disputes the factual assertions and legal arguments defendants advance with regard to plaintiff's June 15, 2015 letter-motion (Dkt. No. 52) concerning the relevance of documents regarding the revenue and earnings for obeticholic acid ("OCA") and defendants' motive and opportunity, we are prepared to address those disputes during a pre-motion conference or as the Court deems appropriate.

1045242_1

655 West Broadway   Suite 1900   San Diego, CA 92101   Tel 619 231 1058   Fax 619 231 7423   www.rgrdlaw.com

Robbins Geller
Rudman & Dowd LLP

      Second, even if defendants had standing, their efforts to block the third party discovery are not timely.  Rule 45 provides that any objections to a subpoena "must be served *before* the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  Court's in this Circuit have long recognized that any motion to quash under Rule 45 or motion for a protective order under Rule 26(c) must be served before the deadline for compliance with the subpoena has run.  *United States v. IBM Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976) ("[M]otions under Rule 26(c) must be served before the date set for production."); *Ireh v. Nassau Univ. Med. Ctr.*, No. CV 06-09, 2008 WL 4283344, at *2 (E.D.N.Y. Sept. 17, 2008) ("Rule 45's requirement that a motion to quash be filed in a 'timely' manner [means] that such a motion must be filed within the time set in the subpoena for compliance.").  The subpoenas at issue here were all served between March 19 and April 21, 2015 and set production dates between April 16 and May 7, 2015.[2]  Defendants received a notice and copy of each subpoena on or before the day it was served.  Defendants have not served objections to any of the subpoenas, and the deadline to do so or to move for a protective order has long run.  In fact, all of the relevant third parties have already completed or are in the process of completing their production of documents in response to the subpoenas.

      Third, as discussed in plaintiff's June 15, 2015 letter-motion, the documents that the third parties have and are producing are highly relevant.  Those documents evidence, *inter alia*, defendants' planning to sell stock and conduct a secondary offering concurrent with their decision not to disclose the true facts about OCA and significant lipid abnormalities, the use of analysts covering Intercept to try to downplay the disclosure of the true facts made by the NIDDK on January 10, 2014, the placement of investment banks on Intercept's stock offerings as a reward for positive analyst reports immediately following that disclosure and the falsity and materiality of defendants' class period statements.  Defendants' sweeping claim that all of the documents produced are "irrelevant" is clearly not based on an actual review of the productions, but rather on the desire to avoid having to conduct a review at all.  That provides no basis for a protective order.

      Respectfully submitted,

      s/ TOR GRONBORG

      TOR GRONBORG

TG:mm

---

[2] Plaintiff served subpoenas on the following 12 investment banks that sought, among other things, documents regarding defendants' "motive and opportunity" and communications with analysts and investors: BMO Capital Markets Corp., Citigroup, Inc., Deutsche Bank Trust Company Americas, Needham & Company, LLC, Oppenheimer and Co., Inc., Point72 Asset Management, LP, Wedbush Securities, Inc., JMP Securities, LLC, Janney Montgomery Scott LLC (notice served for all on March 17, 2015 and compliance deadline for all on April 16, 2015); Merrill Lynch, Pierce, Fenner & Smith Inc. (notice date: April 20, 2015; compliance deadline: May 4, 2015); Goldman Sachs Group, Inc. (notice date: April 16, 2015; compliance deadline: May 7, 2015); and Summer Street Research Partners (notice date: April 21, 2015; compliance deadline: May 12, 2015).  To date, these third parties have produced 77,193 documents, which have been provided to defendants' counsel.

Robbins Geller
Rudman & Dowd LLP

cc:  James Prendergast, Esq. (via ECF and email)
     Shauna Friedman, Esq. (via ECF and email)
     Michael Bongiorno, Esq. (via ECF and email)
     Trig Smith, Esq.

1045242_1