WILMERHALE

June 29, 2015

James W. Prendergast

+1 617 526 6181 (t)
+1 617 526 5000 (f)
james.prendergast@wilmerhale.com

**By ECF & Facsimile**

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 21A
New York, NY 10007-1312

Re: *In re Intercept Pharmaceuticals, Inc. Sec. Litig.*, No. 1:14-cv-01123-NRB

Dear Judge Buchwald:

We write in response to Plaintiff's June 24, 2015 letter (Dkt. No. 56), concerning Defendants' notice of a motion for a protective order under Fed. R. Civ. P. 26 to block irrelevant and burdensome third party discovery (*see* Dkt. No. 55 at 5 n.12).

Plaintiff's arguments are meritless for several reasons. *First*, Defendants plan to move for a protective order under Rule 26, not to quash a subpoena under Rule 45. That distinction is crucial, and Plaintiff glosses over it. *See HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) ("Defendant has standing to challenge the subpoenas under Rule 26 standards, 'regardless of whether [it has] standing to bring a motion to quash under Rule 45'" (quoting *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012))); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas [to third parties] seek irrelevant information.").[1]

*Second*, Plaintiff neglects to mention that Rule 26(c)(1) allows a court, "for good cause, issue an order to protect *a party* or person from … oppression, or undue burden or expense …." (emphasis added). "The explicit mention of 'a party' in the rule has been interpreted to provide standing for a party to contest discovery sought from third parties." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013) (citation omitted). This rule makes sense, because Intercept, "as a party to the present litigation, is the only entity as between itself and third parties with the appropriate knowledge to assert an objection based on relevance or cumulative discovery" *Id.* Otherwise, a plaintiff could easily circumvent a court ruling that certain matters

---

[1] Both *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (2d Cir. 1975) and *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) do not compel this Court to deny a protective order. *Langford* does not concern motions under Rule 26, and the magistrate judge in *US Bank*—whose opinion is not binding on this Court—did not fully consider the differences between Rules 45 and 26. *See US Bank*, 2012 WL 5395249, at *2. Furthermore, the magistrate judge's statement that the distinction between Rules 45 and 26 is not recognized in the Second Circuit is unpersuasive, as it unsupported by any citation, *see id.*, and stands in contrast to numerous courts around the country that disagree.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

WILMERHALE

Honorable Naomi Reice Buchwald
June 29, 2015
Page 2

are irrelevant and undiscoverable from a defendant by merely serving subpoenas on third parties. Plaintiff, however, argues for precisely this untenable result.[2]

*Third*, and finally, Plaintiff incorrectly asserts that motions for a protective order under Rule 26 *must* be made before the deadline for compliance with a subpoena has run. *See Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 460 (E.D.N.Y. 2011) ("Rule 26(c) makes no mention of a timeliness requirement for seeking a protective order ….").[3] While courts do look to timeliness of Rule 26 motions as a general matter, they have "broad discretion" on the issue. *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 274 (S.D.N.Y. 1999) (court exercising its discretion to hold that Rule 26 motion "Is Not Time-Barred"); 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (3d ed. 2015) (stating that courts "look to all of the circumstances in determining whether the motion is timely."). Here, in the hopes of reaching a compromise, Plaintiff and Defendants have engaged in numerous discussions spanning several weeks over the appropriate scope of Plaintiff's discovery requests, including whether the topics on which Plaintiff's subpoenas seek information are relevant in this action. It was during this time that Plaintiff issued numerous third-party subpoenas, in the apparent hope that he would obtain irrelevant materials before a compromise was reached, or before this Court could rule on the matter. Under these circumstances, Plaintiff is *not* prejudiced by Defendants' proposed motion, and a protective order should be granted.

Respectfully submitted,

*/s/ James Prendergast /JJ/*

James W. Prendergast

cc: Tor Gronberg
 Trig Smith

---

[2] Again, the magistrate judge in *US Bank* did not even discuss how only a party to the litigation would understand the issues of relevance. *See US Bank*, 2012 WL 5395249, at *2.

[3] *Dorsett* considered the issue of timeliness of Rule 26 motions under the rubric of waiver, which is defined as "an intentional relinquishment or abandonment of a known right or privilege," *i.e.*, the waiver of protections under Rule 26. *Dorsett*, 800 F. Supp. 2d at 461. Under this rubric, Defendants are entitled to move under Rule 26, as they were trying to protect their interests by negotiating with Plaintiff for several weeks to reach a compromise on discovery issues; there was no intention to waive here.