**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Trig R. Smith
trigs@rgrdlaw.com

July 15, 2015

<u>VIA ECF</u>

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re Intercept Pharmaceuticals, Inc. Sec. Litig.*
            No. 1:14-cv-01123-NRB

Dear Judge Buchwald:

    In accordance with Rule 2(E) of the Court's Individual Practices, counsel for Lead Plaintiff George Burton and original plaintiff Scot H. Atwood (collectively, "Plaintiffs") respectfully submit this letter outlining the substantive arguments made in support of Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel.

    As the Court is aware, this is a straight-forward case of securities fraud. This case arises from defendants' January 9 and January 10, 2014 false statements and material omissions in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934 regarding the drug obeticholic acid ("OCA"), the FLINT trial for OCA as a treatment for nonalcoholic steatohepatitis ("NASH") and the National Institute of Diabetes and Digestive and Kidney Diseases' ("NIDDK") finding of significant lipid abnormalities in that trial. On March 4, 2015, the Court denied defendants' motion to dismiss, holding that the Consolidated Complaint for Violations of the Federal Securities Laws' (Dkt. No. 26) (the "Complaint") allegations concerning Intercept's failure to disclose the NIDDK's finding of lipid abnormalities was sufficient to raise an inference of defendants' fraudulent intent. Dkt. No. 38 at 17.

    Not only was this securities fraud case appropriate to proceed to discovery, but it is both appropriate and ripe for certification pursuant to Fed. R. Civ. P. 23. Specifically, Plaintiffs request certification of this action as a class action on behalf of a class (the "Class") consisting of: "All persons or entities who purchased or otherwise acquired the common stock of Intercept Pharmaceuticals, Inc. ('Intercept' or the 'Company') during January 9 through January 10, 2014,

**ROBBINS GELLER**
**Rudman & Dowd LLP**

Honorable Naomi Reice Buchwald
July 15, 2015
Page 2

inclusive (the 'Class Period'), and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of Intercept and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii))."

Certification under Rule 23 is appropriate if:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Additionally, where "common" issues of law or fact "predominate over any questions affecting only individual members," and a class action "superior" to other methods of adjudication, class certification is appropriate.  Fed. R. Civ. P. 23(b)(3).  The proposed Class satisfies these elements.

First, during the two-day Class Period, more than 12.7 million shares of Intercept common stock changed hands, and there are likely thousands of Class members.  As such, the proposed Class is so numerous that joinder of all members is impracticable.

Second, this action involves many common issues of law and fact, readily satisfying Rule 23's commonality requirement.  As the Complaint details, questions of law and fact common to the Class include whether:  (1) defendants misstated and omitted information regarding the drug OCA, the FLINT trial and the finding of significant lipid abnormalities associated with OCA; (2) the misstated and omitted information was material; (3) defendants acted with scienter; (4) the price of Intercept's common stock was inflated as a result of defendants' fraudulent conduct; (5) the Class suffered damages; and (6) defendants exercised power or control over Intercept.

Third, Plaintiffs' claims are typical of the claims of the Class because, like all other Class members, they purchased Intercept common stock at prices artificially inflated by defendants' misstatements and omissions.  Specifically, when defendants spoke on January 9 and 10, 2014 regarding the results of the FLINT trial, they failed to disclose that the National Institutes of Health had previously informed them patients taking the drug in the FLINT trial suffered significant lipid abnormalities.  When defendants' fraud was revealed on January 10 and 12, 2014 and May 19, 2014, the price of Intercept's common stock declined significantly, injuring Plaintiffs and the Class.  The injuries suffered by Plaintiffs and the Class arise from exactly the same misconduct.

Fourth, Plaintiffs have demonstrated that they will protect the Class's interests.  No antagonism exists between Plaintiffs and the Class, and Plaintiffs' choice of counsel, Robbins Geller Rudman & Dowd LLP, is one of the most experienced securities class action law firms in the country.

1053782_1

**Robbins Geller Rudman & Dowd LLP**

Honorable Naomi Reice Buchwald
July 15, 2015
Page 3

Fifth, this action also satisfies the predominance requirement of Rule 23(b)(3).  Namely, common issues of fact and law (*e.g.*, falsity, materiality, scienter, damages) are subject to common proof and plainly predominate over any individual issues.  Further, Plaintiffs' expert, Professor Steven P. Feinstein, Ph.D., CFA, has opined the efficiency of the trading market for Intercept common stock for the purpose of establishing that common issues predominate with respect to the element of reliance.  Indeed, Professor Feinstein had concluded that the market for Intercept common stock was efficient during the Class Period.  As a consequence, the proposed Class may invoke the "fraud-on-the-market" presumption of reliance recently upheld by the Supreme Court in *Halliburton Co. v. Erica P. John Fund, Inc.*, _U.S._, 134 S. Ct. 2398, 2408 (2014) ("*Halliburton II*").

Finally, the "superiority" factor under Rule 23(b)(3) is satisfied because:  (1) thousands of investors suffered damages as a result of defendants' misconduct; (2) it is unlikely that investors who lost relatively small amounts of money would file individual actions due to litigation costs; (3) it is desirable to hear all such claims in one court; and (4) there is no difficulty in maintaining this case as a class action.

In accordance with *Halliburton II*, Plaintiffs have established by a preponderance that the elements of Rule 23 are satisfied.  Indeed, defendants will be unable to prove otherwise and will be unable to meet their affirmative burden of establishing that disclosure of the alleged fraud in this case had no price impact on Intercept common stock.  As such, Plaintiffs respectfully request the Court grant the Motion for Class Certification and Appointment of Class Representatives and Class Counsel.

Respectfully submitted,

TRIG R. SMITH

TRS:ams

cc:     All Counsel (via ECF)

1053782_1