# WILMERHALE

**James W. Prendergast**

+1 617 526 6181 (t)
+1 617 526 5000 (f)
james.prendergast@wilmerhale.com

September 14, 2014

**BY ECF**

Judge Naomi Reice Buchwald
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *In re Intercept Pharm., Inc. Sec. Litig.*, No. 14 Civ. 1123
          (Oral Argument Requested)

Dear Judge Buchwald,

      We are counsel for defendants Intercept Pharmaceuticals, Inc., Mark Pruzanski, and David Shapiro (collectively, "Intercept") in the above-captioned securities fraud action. We write pursuant to Rules 2(E)(1) and 2(F) of the Court's Individual Practices to outline the substantive argument of our opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, and to request oral argument on the Motion.

      Intercept is the developer of a new drug called OCA to treat chronic liver diseases. In 2010, Intercept entered into a cooperative research and development agreement with the National Institute of Diabetes and Digestive and Kidney Diseases ("NIDDK") to conduct clinical trial of OCA's efficacy for a condition known as NASH ("FLINT trial"). On January 9, 2014, Intercept issued a press release reporting that NIDDK was stopping the FLINT trial early because OCA had met its early stopping boundary for its primary efficacy endpoint. Following Intercept's press release, the price of Intercept's stock continuously increased over two days of trading. Plaintiffs allege that some measure of this price increase was artificial inflation caused by Intercept's alleged misrepresentation of NIDDK's reasons for stopping the FLINT trial. Plaintiffs allege that this inflation only exited the stock over two separate two-day periods of continuous decline in Intercept's stock price, the first in January 2014 and the second in May 2014. Plaintiffs have now moved pursuant to Fed. R. Civ. P. 23(b)(3) to certify a class of investors who purchased Intercept stock on January 9 and 10, 2014, immediately following Intercept's January 9, 2014 press release. Because they have not proven that questions common to the class predominate, Plaintiffs' Motion must fail.

      As Plaintiffs admit, in order for the Court to certify their securities fraud action as a class action under Fed. R. Civ. P. 23(b)(3), they must establish that they are entitled to the fraud-on-the-market presumption of reliance afforded by *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

**WILMERHALE**

September 14, 2014
Page 2

However, in order to be entitled to the fraud-on-the-market presumption of reliance, Plaintiffs must prove by a preponderance of the evidence that the market for Intercept stock was efficient. Intercept need not prove that the market for Intercept stock was inefficient, it need only show that Plaintiffs' proffered evidence falls short. The required rigorous analysis of Plaintiffs' evidence makes clear that they have not carried their burden.

It is well-recognized by courts within the Second Circuit that securities fraud plaintiffs ordinarily cannot prove market efficiency without empirical evidence that the market rapidly and fully absorbed unexpected news into the company's stock price. *See George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533, 2013 WL 3357170, at *8 (S.D.N.Y. July 3, 2013); *In re Fed. Home Loan Mortg. Corp. ("Freddie Mac") Sec. Litig.*, 281 F.R.D. 174, 178, 181 (S.D.N.Y. 2012); *see also In re Am. Int'l Grp., Inc.*, 265 F.R.D. 157, 180-81 (S.D.N.Y. 2010), *vacated and remanded on other grounds*, 689 F.3d 229 (2d Cir. 2012). Plaintiff's only empirical evidence—an "event study" conducted by Dr. Steven P. Feinstein—does not, and cannot, show that the market for Intercept stock rapidly and fully absorbed unexpected news into Intercept's stock price. In fact, as the expert report of Dr. Paul A. Gompers shows, not only do Plaintiffs fail to prove an efficient market, but the evidence demonstrates that the market for Intercept stock was inefficient.

***First***, Dr. Feinstein's event study cannot prove that the market for Intercept stock was efficient because his observation of price reaction over two-day event windows is inconsistent with this District's definition of an efficient market. As this courts in this District have held, and as economists agree, in an efficient market, unexpected news is absorbed into a company's stock price within minutes or hours, and certainly by the close of the trading day. *See In re IPO Sec. Litig.*, 260 F.R.D. 81, 95, 101 (S.D.N.Y. 2009) ("Evidence that share prices effectively incorporate new information *within hours of the announcement* of that information indicates efficiency . . . ." (emphasis added)); *In re Parmalat Sec. Litig.*, No. 04 MD 1653, 2008 WL 3895539, *9 (S.D.N.Y. Aug. 21, 2008) (holding market efficient where reactions to unexpected news were "swift" and absorbed within "*one full day* of trading" (emphasis added)). For that reason, absent unusual circumstances not present here, observing price reaction over two days cannot be indicative of an efficient market; it is evidence of an *inefficient* market.

***Second***, Dr. Feinstein's event study cannot prove that the market for Intercept stock was efficient because his event selection criteria was neither objective nor representative of the period he examined (the "Examination Period"). Dr. Feinstein impermissibly used criteria that ensured he would analyze only the three allegation-related disclosures in the Complaint, which also correspond to the largest price fluctuations in the price of Intercept stock in the Examination Period. As courts and economists agree, focusing exclusively on the allegation-related disclosures and disclosures that correspond to the largest price fluctuations in the period being examined is inherently unscientific and unreliable, and incapable of proving that the market for Intercept stock was *generally* efficient.

**WILMERHALE**

September 14, 2014
Page 3

***Third***, Dr. Feinstein's event study cannot prove that the market for Intercept stock was efficient because he ignored the market's repeated reaction to stale news, both within the three event windows he analyzed and within the Examination Period more generally. As courts and economists agree, market reaction to stale news is a hallmark of an inefficient market. The fact that Dr. Feinstein ignored affirmative evidence of an efficient market not only undermines any conclusion that the market was efficient, but, as Dr. Gompers explains, demonstrates that the market for Intercept stock was in fact *inefficient*.

Because Dr. Feinstein's event study cannot prove that the market for Intercept stock rapidly absorbed all publically available information, Plaintiffs' cannot prove that the market for Intercept stock was efficient. And without proving that the market for Intercept stock was efficient, Plaintiffs cannot avail themselves of the fraud-on-the-market presumption of reliance. Accordingly, individual questions will necessarily predominate over questions common to the class, precluding class certification under Fed. R. Civ. P. 23(b)(3). As in similar putative class actions asserting claims of securities fraud,[1] Plaintiffs' Motion must be denied.

Respectfully,

*/s/ James W. Prendergast*
James W. Prendergast

---

[1] *See, e.g., Goodman v. Genworth Fin. Wealth Mgmt, Inc.*, 300 F.R.D. 90 (E.D.N.Y. 2014) (denying class certification); *IBEW Local 90 Pension Fund v. Deutsche Bank AG*, No. 11 Civ. 4209, 2013 WL 5815472 (S.D.N.Y. Oct. 29, 2013) (same); *George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533, 2013 WL 3357170 (S.D.N.Y. July 3, 2013) (same); *In re Fed. Home Loan Mortg. Corp. ("Freddie Mac") Sec. Litig.*, 281 F.R.D. 174 (S.D.N.Y. 2012) (same); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc. ("Teamsters II")*, No. 05 Civ. 1898, 2006 WL 2161887 (S.D.N.Y. Aug. 1, 2006) (same); *In re Livent, Inc. Noteholders Sec. Litig.*, 211 F.R.D. 219 (S.D.N.Y. 2002) (same); *see also In re SCOR Holding (Switzerland) AG Litig.*, 537 F. Supp.2d 556 (S.D.N.Y. 2008) (denying certification for portion of class period).