**LSKS** | **LEVINE SULLIVAN KOCH & SCHULZ, LLP**

321 West 44th Street
Suite 1000
New York, NY 10036
(212) 850-6100 | Phone
(212) 850-6299 | Fax
Katherine M. Bolger
(212) 850-6123
kbolger@lskslaw.com

September 16, 2015

**VIA ECF & HAND DELIVERY**
The Honorable Naomi Reice Buchwald
United States District Court
 for the Southern District of New York
500 Pearl St., Room 21A
New York, NY 10007-1312

      Re:   *In re Intercept Pharmaceuticals, Inc. Sec. Litig.*,
              No. 14-cv-1123-NRB (S.D.N.Y.)

Dear Judge Buchwald:

      We represent nonparty Peter Loftus, a reporter for *The Wall Street Journal* (the "*Journal*").  Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference on Mr. Loftus' proposed motion pursuant to Federal Rule of Civil Procedure 45 to quash a subpoena served on him by the Plaintiffs in this action and pursuant to Federal Rule of Civil Procedure 26 for a protective order protecting him from responding thereto.  The subpoena seeks testimony protected from disclosure by the reporter's privilege and should be quashed.

      Mr. Loftus, along with other *Journal* reporters including Joseph Walker, wrote several articles in 2014 about Intercept Pharmaceuticals, Inc. ("Intercept"), in particular:  "A $4 Billion Surprise for 45-Person Biotech," published on January 10, 2014; "NIH Says Patients on Intercept Pharmaceuticals' Liver Drug Had 'Disproportionate Lipid Abnormalities' in Study," published on January 10, 2014; and "Intercept Pharmaceuticals Didn't Disclose Cholesterol Data," published on May 21, 2014 (together, the "Articles").  These Articles, annexed hereto as Exhibits 1, 2, and 3, contain statements from Dr. Mark Pruzanski, Intercept's CEO.

      On July 21, 2015, Trig Smith, counsel for Plaintiffs, sent a letter to Mr. Walker, copying Mr. Loftus, seeking to speak to him about providing evidence in this action about the three Articles referenced above, as well as emails between Intercept, on the one hand, and Mr. Walker, on the other hand, which Mr. Smith received from Intercept.

      Jacob P. Goldstein, an attorney at Dow Jones, the publisher of the *Journal*, responded to Mr. Smith, who then refined his request for evidence.  In response, on July 31, 2015, Mr. Goldstein wrote to Mr. Smith, invoking again the reporter's privilege and declining to provide the requested evidence.  A copy of the letter is annexed as Exhibit 4.  On September 10, 2015, Plaintiffs' counsel again wrote to Mr. Goldstein, forwarding Defendant Pruzanski's Responses to Plaintiffs' First Set of Requests for Admission to Dr. Pruzanski and claiming that Dr. Pruzanski denied making the statements attributed to him in the Articles.  On this basis, Plaintiffs argued,



The Hon. Naomi Reice Buchwald
September 16, 2015
Page 2

they should be entitled to depose Mr. Loftus.  Mr. Goldstein accepted service of the subpoena on September 15, 2015.  A copy of the subpoena is annexed as Exhibit 5.

Mr. Loftus seeks to move to quash the subpoena because it seeks information protected by the reporter's privilege.  The Second Circuit "has long recognized the existence of a qualified privilege for journalistic information."  *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 32 (2d Cir. 1999).  This privilege arises from a "broad[] concern for the potential harm to the 'paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters,'" *id.* at 33 (citing *Baker v. F & F Inv.*, 470 F.2d 778, 782 (2d Cir. 1972)), and extends to both confidential and non-confidential information, *id.* at 35.  While Plaintiffs have disavowed any interest in confidential information, they must still show that the non-confidential information at issue is both "not reasonably obtainable from other available sources" and "of likely relevance to a significant issue in the case."  *Id.* at 36.  Plaintiffs cannot make these showings.

*First*, Plaintiffs have failed to seek out alternative sources for the information – in fact, Plaintiffs have not even deposed Dr. Pruzanski.  As Judge Sweet recently held in a case involving counsel for Plaintiffs, this "prong of *Gonzales* requires the issuers of subpoenas to make reasonable efforts through discovery to obtain the information from alternative sources to defeat the privilege."  *New England Teamsters & Trucking Indus. Pension Fund v. N.Y. Times Co.*, No. 14 Misc. 59, 2014 WL 1567297, at *5 (S.D.N.Y. Apr, 17, 2014) (citations omitted); *see also In re Nat'l Broad. Co.*, 79 F.3d 346, 353 (2d Cir. 1996) (party seeking journalist's materials must exhaust alternatives); *In re Petroleum Products Antitrust Litig.*, 680 F.2d 5, 8 (2d Cir. 1982) (after 100 depositions, exhaustion not established); *New England Teamsters & Trucking Indus. Pension Fund v. N.Y. Times Co.*, No. 14 Misc. 59, 2015 WL 2151824, at *1 (S.D.N.Y. May 7, 2015) (denying motion to compel for failure to show exhaustion); *App. of Behar*, 779 F. Supp. 273, 276 (S.D.N.Y. 1991) (alternate sources, including depositions, must be exhausted before deposition warranted).

Plaintiffs appear to argue that Dr. Pruzanski, in response to their Requests to Admit, "denied" making several statements as published by Dow Jones and this constitutes an "exhaustion" of alternative sources.  But Plaintiffs are incorrect.  In fact, Dr. Pruzanski *admits* the "substance" of several statements and objects to all of the requests as "misleading because the referenced language is an incomplete recitation of his statements and the full text of the referenced article is taken out of context."  *See* Exhibit 6 hereto at 4-7.  Plaintiffs should at a minimum be required to depose Dr. Pruzanski before Mr. Loftus is compelled to testify.  Given that the discovery cutoff in this case is November 20, 2015, Plaintiffs have ample time to pursue this and other sources of information.  *See* Dkt. 44 at 2.

*Second*, Plaintiffs cannot show that Mr. Loftus' testimony is of likely relevance to a significant issue in the case, primarily because the information sought is duplicative of other information already in the public record.  "The relevancy requirement is not met if the information sought in the subpoena is merely duplicative or serving a 'solely cumulative purpose.'"  *New England Teamsters & Trucking Indus. Pension Fund*, 2014 WL 1567297, at *3



The Hon. Naomi Reice Buchwald
September 16, 2015
Page 3

(quoting *United States v. Burke*, 700 F.2d 70, 78 (2d Cir. 1983)).  In fact, on a conference call with investors, Dr. Pruzanski made statements similar to those published in the Articles:

> At this point, the NIDDK has only shared the statistical result of the interim efficacy analysis with us, so we don't have additional data to share with you today.  NIDDK is running the study, as I mentioned, and will be conducting all of the final analyses that you can get further details on at www.clinicaltrials.gov.  Of course, when we get the data in hand from NIDDK, we will share the results with you.

Plaintiffs have no need to depose Mr. Loftus to confirm statements published in the Articles when Dr. Pruzanski made similar statements on a conference call with the very class Plaintiffs seek to represent.  Moreover, as the Second Circuit has made clear, in deciding whether to permit even limited questioning designed "to avoid the privileged area," courts must consider whether an appropriate cross-examination might venture into a privileged area.  *Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 110-11 (2d Cir. 2012) (affirming motion to quash subpoena to *Journal* reporter).

      For these reasons, Plaintiffs cannot overcome the reporter's privilege in this Circuit and Mr. Loftus respectfully requests that this Court set a briefing schedule for his motion to quash the subpoena without resorting to a conference or, if necessary, schedule a pre-motion conference.  Thank you for your consideration in this matter.

                              Respectfully submitted,

                              LEVINE SULLIVAN KOCH & SCHULZ, LLP

                              By: _____
                                  Katherine M. Bolger

cc:     All counsel of record (via ECF)