**WILMERHALE**

James W. Prendergast

+1 617 526 6181 (t)
+1 617 526 5000 (f)
james.prendergast@wilmerhale.com

September 18, 2015

**BY ECF**

The Honorable Naomi Reice Buchwald
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *In re Intercept Pharm., Inc. Sec. Litig.*, No. 14 Civ. 1123

Dear Judge Buchwald,

      We are counsel for defendants Intercept Pharmaceuticals, Inc., Mark Pruzanski, and David Shapiro (collectively, "Intercept") in the above-captioned securities fraud action. On September 14, 2014, Intercept opposed Plaintiff's Motion for Class Certification. As reflected in Intercept's submission, there is one core question in dispute – did Intercept's stock trade in an efficient market. More specifically, in order for the Court to certify Plaintiffs' securities fraud action as a class action under Fed. R. Civ. P. 23(b)(3), Plaintiffs must establish that they are entitled to the fraud-on-the-market presumption of reliance afforded by *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). However, in order to be entitled to the fraud-on-the-market presumption of reliance, Plaintiffs must prove by a preponderance of the evidence that the market for Intercept stock was efficient.

      Plaintiffs' reply to Intercept's opposition is now due on October 14, 2015. In advance of that reply, Plaintiffs have requested the deposition of Professor Paul Gompers, who submitted an expert report critiquing the opinion of Plaintiffs' expert, Professor Steven Feinstein. Plaintiffs have also indicated that they intend to submit a further expert report from Professor Feinstein with their reply, even though courts "**strongly discourage**" presentation of expert testimony in a plaintiff's reply brief. *Bennett v. Sprint Nextel Corp.,* No. 09-2122-EFM, 2013 WL 1197124, at *2 (D. Kan. Mar. 25, 2013).

      "New evidence or analysis presented for the first time in a reply [should] not be considered." *See In re Taco Bell Wage & Hour Actions,* 2011 WL 4479730, *7 (E.D.Cal. Sept. 26, 2011) (refusing to consider expert declaration submitted in plaintiffs' reply in support of class certification). But, given Plaintiffs' intention nonetheless to file a further expert report following a deposition of Professor Gompers, Intercept requested that Plaintiffs also make Professor Feinstein available for deposition, so that the playing field would be level – each side could depose the other side's expert with regard to his critique of his opposite number. Although Plaintiffs had offered to make Professor Feinstein available for deposition after his initial report, that would not have afforded Intercept the opportunity to depose him about his critique of

The Honorable Naomi Reice Buchwald
September 18, 2015
Page 2

Professor Gompers.  Despite Intercept's willingness to offer Dr. Gompers for deposition,[1] Plaintiffs have now refused to agree to a deposition of Professor Feinstein unless the Court first grants Intercept the right to file sur-reply.  Not only does this evince a fundamental inequality – Plaintiffs can depose Defendants' expert but not vice versa – but also it puts Intercept in an untenable position – offering the deposition only if leave for a sur-reply is granted, but withholding the testimony which could identify any bases for a sur-reply.

Plaintiffs carry the original burden of proof on market efficiency. But, when Plaintiffs sought certification in the first instance, Professor Feinstein's opinions amounted to little more than "confirm[ation] that the large price changes noted in the Complaint were statistically significant, not that the market for Intercept stock was efficient." *See* Gompers Report, ¶ 8, attached as Ex. A to the Declaration of Joseph Yu.  (DKT 73).  Professor Feinstein did not fully address in his initial report the obvious issues affecting market efficiency covered by Professor Gompers and undoubtedly will seek to do so now.  The delay that results from saving certain expert opinion for Plaintiffs' reply "effectively deprives [Intercept] of an opportunity to meaningfully respond." *See Bennett*, 2013 WL 1197124, at *2 (rejecting characterization of expert opinion regarding market efficiency offered in reply as a mere rebuttal opinion that could not have been created before plaintiffs reviewed defendants' expert report and granting time for discovery of plaintiff's expert).

Intercept would be willing to proceed without a sur-reply and without further expert reports from either side, which tends to be the preference of the Courts. *See id.*  But, the submission of further expert opinion in reply puts Intercept in a distinct position of unfair disadvantage.  Accordingly, although Intercept was content to wait until after a deposition of Professor Feinstein to assess the need for a sur-reply, Intercept requests that the Court grant Intercept leave to do so now in order to meet Plaintiffs' condition for a deposition of Professor Feinstein. *See id*. (granting defendants' request for sur-reply).  If the Court would prefer that Intercept wait until receipt and review of Plaintiff's reply before seeking leave for a sur-reply, Intercept respectfully asks that it be permitted to depose Professor Feinstein in advance of making such a motion.

        Respectfully,

        */s/ James Prendergast*

        James W. Prendergast

cc: Tor Gronborg, Esq.

---

[1] Pending the outcome of this dispute, defendants have advised Plaintiffs that Dr. Gompers can be available on October 2, 2015 for a deposition.