UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
In re INTERCEPT PHARMACEUTICALS, : Civil Action No. 1:14-cv-01123-NRB
INC. SECURITIES LITIGATION :
: CLASS ACTION
:
This Document Relates To: : [~~PROPOSED~~] JOINT AMENDED
: SCHEDULING ORDER
ALL ACTIONS. :
:
---------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/22/2015

The parties to the above-captioned action jointly submit this proposed Scheduling Order, amending certain deadlines set in the March 25, 2015 Joint Case Management Statement and Scheduling Order (Dkt. No. 44).

To date, the parties have been diligently working to complete discovery, concurrent with motion practice including the pending motion for class certification, in this complex securities action. The parties have, *inter alia*, met and conferred on document requests, interrogatories and requests for admission, agreed upon relevant custodians, date ranges and search terms to be used in identifying relevant materials and are in the process of reviewing and producing documents. The defendants have, thus far, produced approximately 11,393 documents/70,089 pages in response to plaintiffs' document requests. In addition, plaintiffs have served 29 subpoenas on third parties and defendants have served subpoenas on 23 third parties. While many of these third parties have completed or are in the process of completing their production of documents in response to these subpoenas and the parties are reviewing those productions, several third party clearing brokers require additional time to complete their productions in response to defendants' subpoenas.

Document discovery in this case has proven to be particularly complex because virtually all relevant materials were maintained electronically and there is a substantial volume of electronically stored information, and in particular email, from the relevant periods. Defendants have processed more than 1.5 million electronic documents, including emails and stand-alone electronic documents.

In addition, while the parties worked cooperatively to reach agreement on search strings, this process involved numerous meet and confer discussions and negotiations spanning over a series of months. The meet and confer process involved running and testing various alternatives to plaintiffs' and defendants' proposed searches in an effort to reach a mutually agreeable set of search terms, which took time.

Notwithstanding the parties' mutual efforts to agree on reasonable search strings, the resulting volumes of documents for review remains substantial. For example, to date, defendants have reviewed more than 100,000 email documents for the January-May 2014 period, and continue to review email documents from this time period. Defendants are also in the process of reviewing more than 67,000 email documents from the pre-2014 period and expect this volume to increase a significant amount due to the addition of documents resulting from the last agreed-to search strings for this time period. In addition, defendants are processing and reviewing approximately 13,000 non-email electronic documents. Defendants currently have more than 20 attorneys spending nearly 600 hours per week on the review of documents in this matter.

The parties also anticipate that there will be a substantial number of depositions taken in the case, many of which cannot be taken until after the completion of document discovery. In accordance with Fed. R. Civ. P. 30(a)(2)(A)(i), the parties have stipulated that each side may take up to 10 depositions of Intercept witnesses (current or former employees of Intercept), in addition to the depositions of the two individual defendants, and up to 12 third party depositions.[1]

As a result of the ongoing and anticipated discovery, the parties jointly believe that the current schedule and the fact discovery cut-off of November 20, 2015 should be amended.

Based on defendants' estimate that they expect to complete the review and substantially complete the production of email documents collected from Intercept's email server that are responsive to plaintiffs' first set of document requests for the period January 1, 2014 to May 31, 2014 by September 30, 2015 with any remaining email documents for that period expected to be

---

[1] The parties' agreement on depositions is without waiver of any party or deponent's right to object to the deposition of any particular deponent and seek a protective order quashing or limiting the scope of any deposition. The agreement is also without waiver of any party's right to seek leave for additional depositions in accordance with Fed. R. Civ. P. 30(a)(2)(A)(i).

produced by October 9, 2015, and that they estimate substantially completing the production of remaining documents responsive to plaintiffs' first set of document requests, including documents for the relevant periods prior to January 1, 2014, by November 20, 2015, with any remaining documents expected to be produced by December 4, 2015, the parties jointly propose the following pre-trial schedule:

### A. Fact Discovery Cut-Off[2]:

The fact discovery cut-off shall be March 25, 2016. [Previously, November 20, 2015.]

### B. Expert Witness Disclosure and Discovery:

1. Plaintiffs shall designate all experts and provide Defendants with all information specified in Fed. R. Civ. P. 26(a)(2) by May 6, 2016. [Previously, January 29, 2016.]

2. Defendants shall designate all experts and provide Plaintiffs with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 17, 2016. [Previously, March 11, 2016.]

3. Plaintiffs shall designate any rebuttal expert and provide Defendants with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 15, 2016. [Previously, April 8, 2016.]

4. Expert discovery shall be completed by August 19, 2016. [Previously, May 13, 2016.]

---

[2] A discovery "Cut-Off" is defined as the date by which all relevant, non-privileged information shall be produced (absent Court order to the contrary) and all motions to compel the production of such information shall be filed with the Court. All discovery requests, except contention interrogatories as addressed by Local Civil Rule 33.3, shall be served on any party or non-party 30 days prior to the discovery "Cut-Off" date.

C.  **Dispositive Motion Deadline:**

Dispositive motions and supporting materials shall be filed no later than September 16, 2016. [Previously June 13, 2016.] The parties agree that, prior to the filing of any dispositive motion, the parties shall meet and confer and submit a proposed briefing schedule for such motion(s).

In accordance with the Court's Individual Practices, the parties confirm that this request is made jointly and that the parties have not previously made any requests for amendment or extension of the pre-trial schedule.

DATED: September 18, 2015              Respectfully submitted,

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                       TOR GRONBORG
                                       TRIG R. SMITH
                                       KEVIN A. LAVELLE
                                       KEVIN S. SCIARANI
                                       CARISSA J. DOLAN


                                                s/ TOR GRONBORG
                                       TOR GRONBORG

                                       655 West Broadway, Suite 1900
                                       San Diego, CA 92101-8498
                                       Telephone: 619/231-1058
                                       619/231-7423 (fax)
                                       torg@rgrdlaw.com
                                       trigs@rgrdlaw.com
                                       klavelle@rgrdlaw.com
                                       ksciarani@rgrdlaw.com
                                       cdolan@rgrdlaw.com

                        ROBBINS GELLER RUDMAN
                          && DOWD LLP
                        SAMUEL H. RUDMAN
                        DAVID A. ROSENFELD
                        58 South Service Road, Suite 200
                        Melville, NY 11747
                        Telephone: 631/367-7100
                        631/367-1173 (fax)
                        srudman@rgrdlaw.com
                        drosenfeld@rgrdlaw.com

                        Lead Counsel for Plaintiffs

                        POMERANTZ LLP
                        JEREMY A. LIEBERMAN
                        LESLEY F. PORTNOY
                        600 Third Avenue
                        New York, NY 10016
                        Telephone: 212/661-1100
                        212/661-8665 (fax)

                        JOHNSON & WEAVER, LLP
                        W. SCOTT HOLLEMAN
                        99 Madison Avenue, 5th Floor
                        New York, NY 10016
                        Telephone: 212/802-1486
                        212/602-1592 (fax)

                        Additional Counsel for Plaintiffs

DATED: September 18, 2015      WILMER CUTLER PICKERING HALE AND
                        DOOR LLP
                        MICHAEL G. BONGIORNO
                        JAMES W. PRENDERGAST


                               s/ JAMES W. PRENDERGAST
                        JAMES W. PRENDERGAST

7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212/230-8800
212/230-8888 (fax)

Attorneys for Defendants Intercept
Pharmaceuticals, Inc., Mark Pruzanski and David
Shapiro

\* \* \*

## ORDER

IT IS SO ORDERED.

DATED: September 21, 2015

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE