**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Tor Gronborg
torg@rgrdlaw.com

October 22, 2015

VIA ECF & FACSIMILE
212-805-7927

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 21A
New York, New York 10007-1312

      Re:    *In re Intercept Pharmaceuticals, Inc. Sec. Litig.*,
              No. 1:14-cv-01123-NRB

Dear Judge Buchwald:

      We write on behalf of plaintiffs in response to defendants' October 21, 2015 letter brief. Dkt. No. 82. In their letter, defendants renew their previously rejected request for leave to file a sur-reply, as well as an additional expert witness report, in opposition to the pending motion for class certification. Once again, however, defendants have failed to identify any new argument or issue that would warrant leave to file a sur-reply, let alone another expert report.

      Leave to file a sur-reply is typically only granted where it is necessary for a party to address new arguments or issues that were improperly raised for the first time in a reply brief. *The Traveller Ins. Co. v. Buffalo Reins. Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990). Defendants pay lip-service to this requirement, claiming plaintiffs' reply in support of the motion for class certification raises "new evidence and new theories." Dkt. No. 82 at 1. Defendants' letter brief, and the class certification submissions, belie that claim.

      Notably absent from defendants' letter is any claim that plaintiffs' reply brief (Dkt. No. 80) advances new arguments or issues. Defendants do not identify any argument or issue from the reply brief that would warrant a sur-reply. That is because plaintiffs' reply brief was properly limited to refuting arguments defendants and their expert had raised in opposition to class certification. Defendants are left to focus on the Reply Declaration of Professor Steven P. Feinstein, Ph.D., CFA., Dkt. No. 81 ("Reply Declaration"). But, like plaintiffs' brief, the Reply Declaration is focused directly on the criticisms advanced by defendants' expert and raises no new arguments or evidence.

      Defendants first claim that they need a sur-reply to address "new evidence and theories submitted on reply." Dkt. No. 82 at 1-2. The only purported "new theory" identified by defendants is Professor Feinstein's assertion that the impact of new news is not fully incorporated into a stock's price instantaneously. *Id.* at 2 (citing Reply Declaration, ¶34). But, there is nothing new in Professor Feinstein's assertion and it is fully consistent with how he (and economists and the courts) previously defined how stock prices move in an efficient market. *See, e.g.*, Declaration of Steven P. Feinstein, Ph.D., CFA (Dkt. No. 66), ¶¶97-101 (discussing use of multi-day window to measure stock price movement). Moreover, Professor Feinstein was not advancing a new theory, but responding to the argument made by defendants and their expert that a stock price should, regardless of the circumstances, fully incorporate new news within a single trading day. *See* Defendants' Memorandum

**Robbins Geller Rudman & Dowd LLP**

Honorable Naomi Reice Buchwald
October 22, 2015
Page 2

of Law Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 72) at 1-2, 10-17. Having spent nearly half of their opposition brief (and a good portion of their October 21, 2015 letter (Dkt. No. 82)) arguing that a stock price reaction must be instantaneous in an efficient market and, therefore, a two-day event window is improper, defendants do not need any additional briefing on the issue.[1]

Defendants next claim that a sur-reply is warranted because Professor Feinstein "advances new justifications to support his use of a two-day window" to evaluate Intercept's stock price movements. Dkt. No. 82 at 2 (citing Reply Declaration, ¶¶32-34, 38). But, there is nothing new in the Reply Declaration. Professor Feinstein simply cited additional academic work refuting defendants' claim that stock prices always react within one trading day and identified facts that defendants' expert ignored in assuming that there was no basis for Intercept's stock price reaction to ever last more than one day. Professor Feinstein's basis for using both one and two-day event windows has not changed and defendants have had ample opportunity to and have made their arguments regarding why the use of two-day windows is supposedly improper.[2] Given the voluminous briefing already dedicated to the use of two-day event windows, additional briefing and expert commentary is neither necessary nor warranted.

Finally, defendants argue that "a surreply is also necessary to place Dr. Gompers's deposition testimony, from which Plaintiffs selectively quote, in proper context." Dkt. No. 82 at 3. But, plaintiffs submitted the full transcript of Dr. Gompers' deposition to the Court. Dkt. No. 80, Ex. B. While defendants may want to spin their expert's testimony and have him submit another report addressing the errors and concessions he made under oath, that is no basis for a sur-reply. Indeed, if a sur-reply was warranted every time a party thought it needed to place evidence or arguments "in proper context," briefing would continue *ad infinitum*.[3]

---

[1] Tellingly, the cases cited by defendants in their letter brief (*In re IPO Sec. Litig.*, 260 F.R.D. 81 (S.D.N.Y. 2009) and *In re Parmalat Sec. Litig.*, 2008 WL 3895539 (S.D.N.Y. Aug. 21, 2008)) were already cited in defendants' opposition brief and distinguished in plaintiffs' reply brief. *See* Dkt. No. 72 at 11, 14; Dkt. No. 80 at 5-6 n.7.

[2] Defendants also claim that Professor Feinstein "attempts to redefine the event selection criteria he used." Dkt. No. 82 at 2 n.3. That is nonsense. Professor Feinstein has always said that he tested "allegation-related events." *Compare* Dkt. No. 66, ¶94 with Reply Declaration, ¶20. That these allegation-related events involve product development news about OCA is hardly new and there has been no change in the events Professor Feinstein analyzed or the basis for their selection.

[3] In the introduction to their letter, defendants claim that a sur-reply is necessary to address "new tests or test results reported in the Reply submissions that are either inapplicable or misstated." Dkt. No. 82 at 1-2. The only support for this claim is footnote 5 of the letter, in which defendants mention Professor Feinstein's discussion of the Goldfeld-Quandt test. Dkt. No. 82 at 3 n.5 (citing Reply Declaration, ¶49). As defendants recognize, however, there is nothing new or unexpected in the Reply Declaration. Professor Feinstein simply re-ran the Goldfeld-Quandt test that defendants' expert used as a basis for splitting the event study estimation period. *See* Reply Declaration, ¶¶44-50. Defendants' expert was given the opportunity to explain his use of the Goldfeld-Quandt test during his deposition and repeatedly testified that he did not know why that test was used or what methodology was used to run the test. *See* Dkt. No. 80, Ex. B at 163:23-174:24. And, ultimately, the issue is meaningless, as splitting the estimation period had no effect on the statistical significance of the stock price reactions analyzed by Professor Feinstein. *See* Reply Declaration, ¶50.

**Robbins Geller Rudman & Dowd LLP**

Honorable Naomi Reice Buchwald
October 22, 2015
Page 3

      Defendants' proposed sur-reply and additional expert report would needlessly prolong the class certification briefing and almost inevitably lead to additional disputes. Indeed, sur-replies in situations like this are generally disfavored precisely "because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008).[4] Having failed to identify any argument or issue that was raised for the first time on reply, defendants' request for leave to submit a sur-reply and another expert report should be denied.

                          Respectfully submitted,

                          TOR GRONBORG

cc:    All Counsel of record (via ECF)

---

[4] The three cases cited by defendants are inapplicable. In *Bennett v. Sprint Nextel Corp.*, 2013 WL 1197124, at *2 (D. Kan. Mar. 25, 2013), a sur-reply was only warranted because the "plaintiff present[ed] an expert opinion ***for the first time*** in its reply brief" and "'in the absence of an initial expert report.'" Similarly, in *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010), a sur-reply was allowed because the plaintiff identified and proffered the affidavit of a fact witness ***for the first time*** with the reply papers. *In re Elec. Books Antitrust Litig.*, 2014 WL 1282293 (S.D.N.Y. Mar. 28, 2014), further undermines defendants' argument. In that case, the court permitted the defendant to file a sur-reply to address a single opinion the plaintiffs' expert advanced for the first time in his reply declaration. *Id*. at *8. Defendants, however, submitted a sur-reply and additional expert reports that went well-beyond the new opinion plaintiffs' expert had made on reply. In response, the court ***struck*** virtually all of the sur-reply and the defendant's additional expert reports. Specifically, the court held that the effort to use a sur-reply to address plaintiffs' response to defendants' opposition to class certification and criticism of defendant's expert reports (as opposed to new issues raised in a reply brief) was improper. *Id*.

1085271_1