

**Robbins Geller Rudman & Dowd LLP**

Atlanta · Boca Raton · Chicago · Manhattan · Melville · Nashville · Philadelphia · San Diego · San Francisco · Washington, DC

Kevin Sciarani
KSciarani@...

DOCUMENT ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/16

**MEMO ENDORSED**

January 13, 2016

*Via ECF and Hand Delivery*

The Honorable Naomi Reice Buchwald
Judge of the United States District Court
500 Pearl Street, Room 21A
New York, NY 10007-1312

Re: *In re Intercept Pharmaceuticals, Inc. Sec. Litig.*
No. 1:14-cv-01123-NRB

Dear Judge Buchwald:

Pursuant to Your Honor's Individual Practices and Local Civil Rule 37.2, we respectfully request that the Court schedule a pre-motion conference or establish a briefing schedule for plaintiffs to move to compel the production of documents from defendants regarding Bank of America analyst Rachel McMinn's hiring by Intercept Pharmaceuticals, Inc. ("Intercept"). McMinn is a percipient witness who is scheduled to be deposed on February 4, 2016 and, as set forth below, the requested documents are relevant and should be produced.

***Relevant Background:*** As the Court is aware, this case concerns violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. Defendants are alleged to have made false and misleading statements regarding Intercept's lone drug product, OCA, the NIDDK's FLINT trial of OCA and the finding of significant lipid abnormalities in that trial. *See* Dkt. No. 26, ¶¶37-45; Dkt. No. 38 at 5-7. Beginning with a statement by the NIDDK on the evening of Friday, January 10, 2014 and continuing through May 20, 2014, the true facts about OCA, the FLINT trial and the finding of lipid abnormalities were disclosed. Dkt. No. 26, ¶¶43-57. Immediately following the NIDDK's January 10, 2014 disclosure, defendants initiated a campaign to cover-up their fraudulent conduct and temper any declines in Intercept's stock price. Defendants relied on analysts, whose employers were rewarded with investment banking business, to discredit the disclosures of the true facts about the FLINT trial, the foremost of which was McMinn. *See* Dkt. No. 61. In addition to investment banking business for Bank of America, McMinn was personally rewarded by defendants. In April 2014, defendants announced that McMinn had been hired as Intercept's Chief Strategy Officer and she apparently received a bonus of $1.3 million before even starting the job.

Given her relevance and upcoming deposition, plaintiffs served defendants with a document request seeking "[a]ll communications during the period December 1, 2013 to April 30, 2014 between [defendants] and [McMinn] concerning Intercept's considered and actual hiring of McMinn, including, but not limited to, any employment agreement or other documents regarding McMinn's potential and actual compensation from Intercept." Ex. A at 7-8. On January 4, 2016, defendants served their Responses and Objections. Ex. B. The parties met and conferred on

**ENDORSEMENT**

The discovery sought by plaintiffs is outside the discovery parameters previously set by the Court. In the absence of a compelling reason to allow discovery outside those parameters, the request is denied.

*Naomi Reice Buchwald, USDJ*
1/21/16

655 West Broadway   Suite 1900   San Diego, CA 92101   Tel 619 231 1058   Fax 619 231 7423 · www.rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Naomi Reice Buchwald
January 13, 2016
Page 2

January 5, 2016, during which defendants confirmed that they were withholding responsive documents on the basis the requested documents would not be relevant to any claims or defenses in the case. Ex. C.[1] The parties were unable to resolve their dispute regarding the relevance of the requested documents and agreed that the matter is ripe to bring to the Court's attention.

***Legal Standard on a Motion to Compel:*** Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[2] Relevance in the context of discovery "is an extremely broad concept." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013). Within that broad concept, "[p]roof of bias is almost always relevant . . . ." *United States v. Abel*, 469 U.S. 45, 52 (1984). Thus, during discovery, a plaintiff "is entitled to explore the potential bias or prejudice of adverse parties." *Concepcion v. City of New York*, 2006 WL 2254987, at *4 (S.D.N.Y. Aug. 4, 2006). *See also United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) ("one of the purposes of discovery is to obtain information . . . for the impeachment of witnesses"); *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *6 (S.D.N.Y. June 25, 2009) (compelling discovery on payments to witnesses); *Tribune Co. v. Purcigliotti*, 1996 WL 337277, at *3 (S.D.N.Y. June 19, 1996) (compelling production of settlement agreements between a settling percipient witness-defendant and plaintiffs as evidence of the witness' bias). The requesting party has the initial burden to demonstrate relevance. *Mandell v. The Maxon Co.*, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007). "This bar is relatively low," and only requires the demonstration of "'any possibility of relevance.'" *Cohen v. Cohen*, 2015 WL 4469704, at *3 (S.D.N.Y. June 29, 2015). After a showing relevance, the burden shifts to the withholding party who must "clarify and explain precisely why its objections are proper." *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).

***Relevance of McMinn Communications:*** Rachel McMinn is a percipient witness who has been identified in plaintiffs' Rule 26(a)(1) disclosures, is an agreed-upon custodian for the production of documents, and is scheduled to be deposed on February 4, 2016. During the relevant period, McMinn was an analyst for Bank of America and issued numerous positive reports about Intercept. Indeed, in the aftermath of the NIDDK's January 10, 2014 disclosure about OCA and lipid abnormalities, McMinn coordinated a response with defendants and issued a report defending the company. Ex. D. McMinn's report argued that the information about the lipid abnormalities

---

[1] While defendants assert that they have not waived any of the other objections noted in their Responses and Objections, they agree that the only issue in dispute is relevance. Ex. C.

[2] The 2015 amendment to Rule 26 "does not create a new standard," but codified the existing judicial "discretion to limit discovery requests that are disproportionate to the needs of the case." *Robertson v. People Magazine*, 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015). No proportionality objection has been made here, and accordingly, the amendment to Rule 26 does not affect the disposition of this motion. Fed. R. Civ. P. 26, comm. notes (2015). In any event, given the limited scope of the request, there should be no appreciable burden in locating and producing the responsive documents.

**Robbins Geller**
**Rudman & Dowd LLP**

The Honorable Naomi Reice Buchwald
January 13, 2016
Page 3

was not new or negative news, and touted an outlandish price target for Intercept of $872 per share. Ex. E. McMinn continued to coordinate with defendants and publish positive reports about Intercept through the company's April 2014 stock offering (for which Bank of America was a lead underwriter). *See, e.g.*, Ex. F. With each of these positive reports, McMinn claimed "that the views expressed in this research report accurately reflect my personal views" and "[t]his report has been prepared independently of any issuer of securities mentioned herein." *See, e.g.*, Ex. E at ML_ICPT_30, 33. But, while McMinn was proclaiming her independence, she was being fed information by defendants and, it appears, she was preparing to take a lucrative job with Intercept.

On April 30, 2014, Intercept announced that McMinn had been given the "newly created position of Chief Strategy Officer." Ex. G at ICPT-46083. Evidence to date suggests that McMinn ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ certainly was in discussions with defendants about her employment position before then. Ex. H. And, it was a lucrative position. On April 30, 2014, McMinn disclosed to the SEC that she had already been awarded with Intercept stock worth over $1.3 million. *See* Ex. I. What has not been disclosed, and is relevant in this case, is when defendants and McMinn initiated their employment discussions, and whether and what discussions and agreements were done concurrent with McMinn's purportedly "independent" research. Given the undisputed relevance of McMinn's analyst reports – at class certification, both plaintiffs' and defendants' market efficiency experts identified McMinn's reports among the materials they considered and defendants will surely rely on the reports to make loss causation and truth on the market arguments – the requested documents regarding McMinn's bias are highly relevant and should be produced before her deposition.[3] *See, e.g., Alaska Elec. Pension Fund v. Pharmacia Corp.*, 2005 WL 6429128, at *1 (D.N.J. Aug. 3, 2005) (compelling discovery on a company's payment to an author covering the company's drug); *see also Int'l Bus. Machines Corp.*, 66 F.R.D. at 218 (as "the credibility of a witness' testimony is of the utmost importance . . . it is thereby important to search out which such testimony is biased by personal motives").

***Conclusion:*** For the foregoing reasons, plaintiffs respectfully request that the Court compel defendants to produce the requested communications between defendants and McMinn.

Respectfully submitted,

*/s/ Kevin Sciarani*

KEVIN SCIARANI

KS/tdv
Enclosures
cc: All Counsel *(via ECF and email)*

---

[3] As an institutional investor with ▓▓▓▓ commented after the McMinn's hiring was announced, ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. J.