UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| In re INTERCEPT PHARMACEUTICALS, INC. SECURITIES LITIGATION | : | Civil Action No. 1:14-cv-01123-NRB |
| ———————————————— | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | : | |
| ———————————————— x | : | |

1143801_1

WHEREAS, a class action is pending before this Court styled *In re Intercept Pharmaceuticals, Inc. Securities Litigation*, Civil Action No. 1:14-cv-01123-NRB (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated as of May 2, 2016 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2016, at _____.m. [a date that is at least 100 calendar days from the date of this Order], at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, to determine: (a) whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.13 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to counsel for Plaintiffs and the Class; and (e) the

- 1 -

amount of expenses that should be awarded to Plaintiffs.  The Court may adjourn the Settlement

Hearing without further notice to the Members of the Class.

3.      The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and

23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

> All persons and entities who purchased or otherwise acquired the common stock of
> Intercept Pharmaceuticals, Inc. during January 9, 2014 and January 10, 2014,
> inclusive, and were damaged thereby.  Excluded from the Class are Defendants,
> present or former executive officers of Intercept, and their immediate families.  Also
> excluded are those persons who validly exclude themselves from the Class pursuant
> to the Notice of Pendency of Class Action and Proposed Settlement.

4.      The Court approves, as to form and content, the Notice of Pendency of Class Action

and Proposed Settlement (the "Notice"), the Proof of Claim and Release form (the "Proof of

Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds

that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially

in the manner and form set forth in ¶¶5-6 of this Order, meet the requirements of Federal Rule of

Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and

shall constitute due and sufficient notice to all Persons entitled thereto.

5.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

supervise and administer the notice procedure as well as the processing of claims as more fully set

forth below:

(a)      Lead Counsel shall make reasonable efforts to identify all Persons who are

Members of the Class and not later than _____ [ten (10) business days after the

Court signs and enters this Order] (the "Notice Date"), Lead Counsel shall cause a copy of the

Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to

be sent by email and/or by First-Class Mail to all Class Members who can be identified with

reasonable effort and to be posted on the settlement website: www.interceptsecuritieslitigation.com;

(b)     Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over a national newswire service; and

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

6.     Nominees who purchased or acquired the common stock of Intercept Pharmaceuticals for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Intercept Pharmaceuticals common stock within ten (10) days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7.     All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8.     Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than one hundred-twenty (120) days from the Notice Date.  Any Class Member who does not timely submit a

Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9.      Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

10.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____ [sixty-five (65) calendar days after the Notice Date].  To be valid, a Request for Exclusion must state all of the information requested by §X of the Notice.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11.     Any Member of the Class may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for Plaintiffs and the Class, or why the expenses of Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and

- 4 -

copies of any papers and briefs such that they are: (i) received on or before _____

[sixty-five (65) calendar days after the Notice Date] by Robbins Geller Rudman & Dowd LLP, Tor

Gronborg or Trig Smith, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Wilmer Cutler

Pickering Hale and Dorr LLP, James W. Prendergast, 60 State Street, Boston, MA 02109; and

(ii) filed with the Clerk of the United States District Court for the Southern District of New York on

or before _____ [sixty-five (65) calendar days after the Notice Date].   Any

Member of the Class who does not make his, her or its objection in the manner provided shall be

deemed to have waived such objection and shall forever be foreclosed from making any objection to

the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of

Allocation, or to the award of attorneys' fees and expenses to counsel for Plaintiffs and the Class or

expenses of Plaintiffs, unless otherwise ordered by the Court.

12.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

*legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13.     All opening briefs and supporting documents in support of the settlement, the Plan of

Allocation, and any application by counsel for Plaintiffs and the Class for attorneys' fees and

expenses or by Plaintiffs for their expenses shall be filed and served by _____

[fifty (50) calendar days after the Notice Date].  Replies to any objections shall be filed and served

by _____ [seven (7) calendar days prior to the Settlement Hearing].

14.     Neither the Defendants and their Related Parties nor the Defendants' counsel shall

have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses

submitted by Plaintiffs or counsel for Plaintiffs and the Class, and such matters will be considered

separately from the fairness, reasonableness, and adequacy of the settlement.

- 5 -

15.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

16.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶3.6 and 3.8 of the Stipulation.

17.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

19.     If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

20.     Pending final determination of whether the proposed settlement should be approved, neither the Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other

1143801_1

capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

21.     Pending final determination of whether the settlement should be approved, all proceedings are stayed subject to further order of the Court.

IT IS SO ORDERED.

DATED: _____         _____
                                    THE HONORABLE NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

1143801_1

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ────────────────────────── | x | |
| In re INTERCEPT PHARMACEUTICALS, INC. SECURITIES LITIGATION | : | Civil Action No. 1:14-cv-01123-NRB |
| | : | |
| ────────────────────────── | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT |
| | : | |
| ALL ACTIONS. | : | |
| ────────────────────────── | x | EXHIBIT A-1 |

1134277_1

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF INTERCEPT PHARMACEUTICALS, INC. ("INTERCEPT PHARMACEUTICALS" OR THE "COMPANY") BETWEEN JANUARY 9, 2014, INCLUSIVE, AND JANUARY 10, 2014, AND WERE DAMAGED THEREBY

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____.**

This Notice of Pendency of Class Action and Proposed Settlement ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency and proposed settlement of the case entitled *In re Intercept Pharmaceuticals, Inc. Securities Litigation*, Civil Action No. 1:14-cv-01123-NRB (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between Plaintiffs and Defendants, dated as of May 2, 2016 (the "Stipulation") on file with the Court.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against Defendants.  This Notice is solely to advise you of the pendency and proposed settlement of the Litigation and of your rights in connection therewith.

- 1 -

## I.      STATEMENT OF PLAINTIFFS' RECOVERY

The proposed settlement will create a cash fund in the principal amount of Fifty-Five Million Dollars ($55,000,000.00) (the "Settlement Amount"), plus any interest that may accrue thereon less certain deductions (the "Settlement Fund").

This is a securities class action brought against Intercept Pharmaceuticals and certain of its officers alleging that Defendants made materially false and misleading statements to investors between January 9, 2014 and January 10, 2014, inclusive (the "Class Period"), in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. As a result of alleged corrective disclosures, Intercept Pharmaceuticals' stock price is alleged to have dropped on January 13-14, 2014 and May 19-20, 2014, damaging persons who purchased or otherwise acquired the Company's common stock during the Class Period.

Plaintiffs allege that on January 9, 2014 and January 10, 2014, Defendants made false and misleading statements regarding Intercept Pharmaceuticals' pharmaceutical product, obeticholic acid ("OCA"). At the time of the proposed settlement, Plaintiffs had substantially completed fact discovery and were preparing the case for trial.  Defendants at all times denied that they had made any false statements or omissions, and continue to maintain that their statements complied with all applicable laws and regulations.

The Settlement Fund, subject to deduction for, among other things, costs of class notice and administration and certain taxes and tax related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members.  Your recovery from this fund will depend on a number of variables, including the number of shares of Intercept Pharmaceuticals common stock you purchased or acquired on January 9, 2014 and January 10, 2014, the timing of your purchases, acquisitions, and any sales, and how many other Class Members make

- 2 -

claims.  While the recovery for any Class Member is dependent on numerous factors, including the timing and price of a Class Member's transactions in Intercept Pharmaceuticals common stock, if all eligible Class Members make claims, it is estimated that the average distribution per eligible share of Intercept Pharmaceuticals common stock will be approximately $48.27 before deduction of Court-approved fees and expenses.  Historically, actual claims are less than 100%, resulting in higher per share distributions on average.

## II.    STATEMENT OF POTENTIAL OUTCOME

In addition to disagreeing on whether or not Defendants made any false or misleading statements, Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged.  At trial, Plaintiffs would have presented expert testimony that disclosures on January 10, 2014 and May 16, 2014 regarding OCA and the FLINT trial, correcting the alleged false and misleading statements, caused Intercept Pharmaceuticals stock to drop on January 13-14, 2014 and May 19-20, 2014.  In sum, if Plaintiffs won and the jury accepted all of their expert's testimony, Class Members could have recovered between $0 and $194.87 for every share that they purchased during the Class Period and held until at least January 11, 2014.  At trial, Defendants would have taken the position, also supported by their expert testimony, that none of the drops in Intercept Pharmaceuticals' stock price could be attributed to any corrective disclosure related to the alleged fraud, and therefore Class Members had suffered no legal damages at all.  Defendants would have pointed to prior disclosures on and around January 10, 2014 and May 16, 2014 that caused the share price to decline – none of which would give rise to a claim for damages.  In short, the parties disagree on the merits of this case, including whether or not damages were suffered and are recoverable.  Defendants deny that

they are liable in any respect or that Plaintiffs or the Class suffered any injury. Accordingly, recovery of any amount at trial was far from certain.

## III.   REASONS FOR SETTLEMENT

Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed or, if they had, how much, if any, damages could be recoverable. The proposed settlement provides a certain benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

## IV.   STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Members of the Class, nor have they been paid for their litigation expenses. If the settlement is approved by the Court, Plaintiffs' counsel will apply to the Court for attorneys' fees and expenses. Plaintiffs' counsel advised the Court that their application for attorneys' fees will not exceed 28.8% of the Settlement Amount and their application for expenses will not exceed $450,000, plus interest thereon, to be paid from the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share of Intercept Pharmaceuticals common stock, based on a 100% claim rate, will be $14.19. In addition, the Plaintiffs may seek up to $18,000, cumulatively, in expenses incurred in representing the Class.

## V.   IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this settlement, you may contact a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900. Additional information,

- 4 -

1134277_1

including copies of pleadings and documents filed in the case, is also available on the settlement website at www.interceptsecuritieslitigation.com.

## VI.      NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on _____, at _____.m., before the Honorable Naomi Reice Buchwald, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21A, New York, NY 10007-1312.  The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Fifty-Five Million Dollars ($55,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Plaintiffs' counsel for an award of attorneys' fees and expenses and the expenses of Plaintiffs should be approved, and, if so, in what amounts; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered.  The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## VII.    DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below.  Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation.  In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.       "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

- 5 -

2.      "Class" means all persons and entities who purchased or otherwise acquired Intercept Pharmaceuticals common stock between January 9, 2014 and January 10, 2014, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of Intercept Pharmaceuticals, and their immediate families.  Also excluded are those persons who validly exclude themselves from the Class.

3.      "Defendants" means Intercept Pharmaceuticals and the Individual Defendants, Dr. Mark Pruzanski and Dr. David Shapiro.

4.      "Effective Date," or the date upon which this settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in paragraph 8.1 of the Stipulation have been met and have occurred.

5.      "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached thereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of the Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Plaintiffs' counsel's attorneys' fees and expenses, payments to Plaintiffs for their time and expenses, the Plan

- 6 -

of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims.

6.      "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached as Exhibit B to the Stipulation.

7.      "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Tor Gronborg and Trig Smith, 655 West Broadway, Suite 1900, San Diego, CA 92101.

8.      "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Plaintiffs provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

9.      "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

10.     "Plaintiffs" means George Burton and Scot H. Atwood.

11.     "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

12.     "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of

- 7 -

each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns of each of them, in their capacity as such.

13.    "Settling Parties" means, collectively, Defendants, Plaintiffs, and the Class.

14.    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

15.    "Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs

- 8 -

shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## VIII.   THE LITIGATION

This case arises from allegations that Defendants made false and misleading statements in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, regarding the drug OCA, the FLINT trial for OCA as a treatment for nonalcoholic steatohepatitis ("NASH"), and the National Institute of Diabetes and Digestive and Kidney Diseases' ("NIDDK") observation of lipid abnormalities in that trial.

The Litigation was commenced on February 21, 2014.  On May 16, 2014, the Court consolidated the pending actions and appointed George Burton as lead plaintiff in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA").  On June 27, 2014, Mr. Burton filed the operative Consolidated Complaint for Violations of the Federal Securities Laws.

Following full briefing and oral argument, the Court denied Defendants' motion to dismiss on March 4, 2015.  Thereafter, the parties commenced discovery which continued through, and was largely completed by, March 2016.  During the pendency of the Litigation, the parties engaged in

extensive discovery, including subpoenaing more than 70 parties and non-parties, producing and/or reviewing more than 1.5 million pages of documents, and deposing numerous fact and expert witnesses.

Concurrent with fact discovery, on July 15, 2015, Plaintiffs filed a motion for class certification. Following class certification discovery, which included the deposition of Defendants' expert on market efficiency, and full briefing, the Court heard oral argument on class certification on January 20, 2016. At the time the parties reached an agreement-in-principle to resolve the Litigation, the motion for class certification was still pending.

In January 2016, the parties retained the services of John Van Winkle, a nationally-recognized mediator of complex cases and class actions. Following the exchange of detailed mediation statements and related information, the parties attended a mediation that continued over two days. At the conclusion of the mediation session on March 11, 2016, the parties reached an agreement-in-principle to resolve the Litigation, subject to the negotiation of mutually acceptable terms of a settlement agreement and approval by the Court.

## IX.   TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between Plaintiffs and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Plaintiffs' counsel and Plaintiffs' expenses, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## X.    REQUESTING EXCLUSION FROM THE CLASS

If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded.

If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Class to:

> *Intercept Pharmaceuticals Litigation*
> EXCLUSIONS
> c/o Gilardi & Co. LLC
> 3301 Kerner Blvd.
> San Rafael, CA  94901

The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you "request exclusion from the Class"; (3) state the date(s), price(s), and amount(s) of Intercept Pharmaceuticals common stock that you purchased, sold, or otherwise acquired or disposed of during the period January 9, 2014 to May 20, 2014; and (4) be signed by you or your representative.  YOUR EXCLUSION REQUEST MUST BE POSTMARKED NO LATER THAN _____.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.  No further opportunity to request exclusion will be given in this Litigation.  If you choose to be excluded from the Class, (a) you are not entitled to share in the proceeds of the settlement described herein; (b) you are not bound by any judgment entered in the Litigation; and (c) you are not precluded by the settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Litigation.

- 11 -

**XI.   THE RIGHTS OF CLASS MEMBERS WHO WISH TO PARTICIPATE IN THE SETTLEMENT OR WHO TAKE NO ACTION**

If you are a Class Member and have not elected to request exclusion, you have the following options:

1.      You may submit a Proof of Claim as described below.  If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2.      You may do nothing at all.  If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you will have fully released all of the Released Claims against the Released Persons.

3.      You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses in the manner described in Section XVII below.

4.      If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, and must serve copies of such appearance on the attorneys listed in Section XVII below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel: Robbins Geller Rudman & Dowd LLP, Tor Gronborg and Trig Smith, 655 West Broadway, Suite 1900, San Diego, CA 92101.

**XII.   PLAN OF ALLOCATION**

The Net Settlement Fund will be distributed to Class Members who are entitled to a distribution from the Net Settlement Fund and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

- 12 -

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.

The allocation below for common stock is based on market adjusted price declines and statutory damages provisions.  The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

A claim will be calculated as follows:

For shares of Intercept Pharmaceuticals common stock ***purchased or acquired on or between January 9, 2014 and January 10, 2014***, the claim per share shall be as follows:

(a)      If sold prior to January 11, 2014, the claim per share is zero.

(b)      If retained as of January 11, 2014 and sold on or before May 23, 2014, the claim per share shall be the ***lesser*** of: (i) $194.87, or (ii) the difference between the purchase price and the selling price.

(c)      If retained, or sold, on or after May 20, 2014, the claim per share shall be the lesser of: (i) $194.87, or (ii) the difference between the purchase price and $223.34.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Intercept Pharmaceuticals common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for

- 13 -

purposes of calculating a claim.  Under the FIFO method, sales of Intercept Pharmaceuticals common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period.  The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Intercept Pharmaceuticals common stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

Following the initial distribution of the Settlement Fund, no subsequent distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction over an appeal by any Class Member of the Claims Administrator's determinations regarding a Class Member's claim or to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against the Plaintiffs, Plaintiffs' counsel, any claims administrator, or other Person designated by Plaintiffs' counsel, or Defendants or Defendants' counsel based on

- 14 -

distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court.

## XIII.   PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.**  A Proof of Claim is enclosed with this Notice or it may be downloaded at www.interceptsecuritieslitigation.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked (if mailed) or received (if filed electronically) no later than _____.  The claim form may be submitted online at www.interceptsecuritieslitigation.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XIV.   DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment").  In addition, upon the Effective Date, Plaintiffs and each of the Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment

- 15 -

entered pursuant thereto.  "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Plaintiffs or any other Member of the Class asserted in the Consolidated Complaint for Violations of the Federal Securities Laws or could have asserted or could in the future assert in any court or forum based upon, relating to, or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Complaint and that relate in any way, directly or indirectly, to the purchase or other acquisition of Intercept Pharmaceuticals common stock during the Class Period.  "Released Claims" includes "Unknown Claims" as defined above.  "Released Persons" means each and all of the Defendants and their Related Parties.

## XV.    APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 28.8% of the Settlement Amount, plus expenses not to exceed $450,000, plus interest thereon.  In addition, the Plaintiffs may seek up to $18,000, cumulatively, in expenses (including lost income) they incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The fee requested by Lead Counsel will compensate counsel for its efforts in achieving the settlement for the benefit of the Class, and for its risk in undertaking this representation on a wholly contingent basis.  Lead Counsel believes that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by the Plaintiffs.

- 16 -

1134277_1

## XVI.   CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of March 11, 2016.  In that event, the settlement will not proceed and no payments will be made to Class Members.

## XVII.  THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses,[1] may appear and be heard at the Settlement Hearing. However, any such Person must submit a written notice of objection, such that it is ***received*** on or before _____, by each of the following:

> *To the Court:*
>
> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
> 500 Pearl Street
> New York, NY  10007-1312

---

[1]   Plaintiffs' pleading in support of approval of this settlement, the Plan of Allocation, and the award of fees and expenses will be filed no later than _____, 2016.

- 17 -

*To Lead Counsel:*

ROBBINS GELLER RUDMAN
 & DOWD LLP
TOR GRONBORG or TRIG SMITH
655 West Broadway, Suite 1900
San Diego, CA  92101

*To Counsel for Defendants:*

WILMER CUTLER PICKERING HALE AND DORR LLP
JAMES W. PRENDERGAST
60 State Street
Boston, MA  02109

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Intercept Pharmaceuticals common stock purchased or acquired during the Class Period and sold or held during the period from January 9, 2014 to May 20, 2014, and contain a statement of the reason(s) for objection.  Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XVIII.  SPECIAL NOTICE TO NOMINEES

Nominees who purchased or acquired the common stock of Intercept Pharmaceuticals for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners; or (2) forward a copy of this Notice and the Proof of Claim by First-Class Mail to each such beneficial owner and, provide Lead Counsel with written confirmation that the Notice and Proof of Claim have been so forwarded.  Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

- 18 -

*Intercept Securities Litigation*
Claims Administrator
c/o GILARDI & CO. LLC
P.O. Box 30217
College Station, TX  77842-3217

## XIX.  EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not

describe all of the details of the Stipulation.  For a more detailed statement of the matters involved in

the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the

Litigation, which may be inspected at the office of the Clerk of the Court, United States District

Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse,

500 Pearl Street, New York, NY 10007-1312.  In addition, certain case and settlement related

documents, including the Stipulation of Settlement, may be viewed at

www.interceptsecuritieslitigation.com.

If you have any questions about the settlement of the Litigation, you may contact Lead

Counsel at the address listed below or by e-mail at interceptclaims@rgrdlaw.com.

ROBBINS GELLER RUDMAN & DOWD LLP
TOR GRONBORG or TRIG SMITH
655 West Broadway, Suite 1900
San Diego, CA  92101

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2016          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

- 19 -

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re INTERCEPT PHARMACEUTICALS, INC. SECURITIES LITIGATION | : | Civil Action No. 1:14-cv-01123-NRB |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | PROOF OF CLAIM AND RELEASE |
| | : | |
| ALL ACTIONS. | : | EXHIBIT A-2 |
| | : | |

1134293_1

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the action entitled *In re Intercept Pharmaceuticals, Inc. Securities Litigation*, Civil Action No. 1:14-cv-01123-NRB (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.      YOU       MUST       MAIL       OR       SUBMIT       ONLINE       AT WWW.INTERCEPTSECURITIESLITIGATION.COM  YOUR  COMPLETED  AND  SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN [_____], 2016.  IF MAILED, THE COMPLETED AND SIGNED PROOF OF CLAIM MUST BE SENT TO:

> *Intercept Securities Litigation*
> Claims Administrator
> c/o GILARDI & CO. LLC
> P.O. Box 30217
> College Station, TX  77842-3217

If you are NOT a Member of the Class, as defined in the Notice of Pendency of Class Action and Proposed Settlement ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Member of the Class and you have not timely requested exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

1134293_1

## II.      CLAIMANT IDENTIFICATION

If you purchased or acquired Intercept Pharmaceuticals common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Intercept Pharmaceuticals common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Intercept Pharmaceuticals common stock that form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE INTERCEPT PHARMACEUTICALS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers and acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.      CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Intercept Pharmaceuticals Common Stock" to supply all required details of your transaction(s) in Intercept Pharmaceuticals common stock.  If you need more space or additional schedules, attach separate sheets giving all of

- 2 -

the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your *purchases or acquisitions* of Intercept Pharmaceuticals common stock which took place during the period between January 9, 2014 and January 10, 2014, inclusive, and *all* of your *sales* of Intercept Pharmaceuticals common stock which took place between January 9, 2014 and May 20, 2014, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the shares of Intercept Pharmaceuticals common stock you held at the close of trading on January 8, 2014 and May 20, 2014.  Failure to report all such transactions or holdings may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Intercept Pharmaceuticals common stock.  The date of a "short sale" is deemed to be the date of sale of Intercept Pharmaceuticals common stock.

Copies of broker confirmations or other documentation of your transactions in Intercept Pharmaceuticals common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-844-239-8902 to obtain the required file layout.  No electronic files will

- 3 -

be considered to have been properly submitted unless the Claims Administrator issues to the

claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

1134293_1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Intercept Pharmaceuticals, Inc. Securities Litigation*

Civil Action No. 1:14-cv-01123-NRB

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later Than:**

_____

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

| | |
|---|---|
| _____ | _____ |
| City | State or Province |

| | |
|---|---|
| _____ | _____ |
| Zip Code or Postal Code | Country |

| | |
|---|---|
| | _____   Individual |
| _____ | _____   Corporation/Other |
| Social Security Number or | |
| Taxpayer Identification Number | |

_____   _____

Area Code         Telephone Number (work)

_____   _____

Area Code         Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:     SCHEDULE OF TRANSACTIONS IN INTERCEPT PHARMACEUTICALS COMMON STOCK

A.     Number of shares of Intercept Pharmaceuticals common stock **held** at the close of trading on January 8, 2014: _____

B.     **Purchases or Acquisitions** of Intercept Pharmaceuticals common stock (January 9, 2014 – January 10, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. January __, 2014 | 1._____ | 1._____ |
| 2. January __, 2014 | 2._____ | 2._____ |
| 3. January __, 2014 | 3._____ | 3._____ |

**IMPORTANT:**   (i)  If any purchase listed covered a "short sale," please mark Yes.     ☐ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

_____     _____     _____
   MM/DD/YYYY              Merger Shares                 Company

C.     Sales of Intercept Pharmaceuticals common stock (January 9, 2014 – May 20, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____, 2014 | 1._____ | 1._____ |
| 2._____, 2014 | 2._____ | 2._____ |
| 3._____, 2014 | 3._____ | 3._____ |

D.     Number of shares of Intercept Pharmaceuticals common stock **held** at the close of trading on May 20, 2014: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

- 6 -

1134293_1

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or acquisitions of Intercept Pharmaceuticals common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties.  "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns of each of them, in their capacity as such.

- 7 -

2.      "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Plaintiffs or any other Member of the Class asserted in the Consolidated Complaint for Violations of the Federal Securities Laws or could have asserted in any court or forum based upon, relating to, or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act, or omissions that were alleged, set forth, or referred to in the Complaint and that relate in any way, directly or indirectly, to the purchase or other acquisition of Intercept Pharmaceuticals common stock during the Class Period.  "Released Claims" includes "Unknown Claims" as defined below.

3.      "Unknown Claims" means any Released Claims which Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law,

- 8 -

which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class

Members may hereafter discover facts in addition to or different from those which he, she or it now

knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs

shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed

to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released

any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon

any theory of law or equity now existing or coming into existence in the future, including, but not

limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty,

law or rule, without regard to the subsequent discovery or existence of such different or additional

facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment

to have acknowledged, that the foregoing waiver was separately bargained for and a key element of

the settlement of which this release is a part.

4.     This release shall be of no force or effect unless and until the Court approves the

Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in

the Stipulation).

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or

purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included the information

requested about all of my (our) transactions in Intercept Pharmaceuticals common stock which are

the subject of this claim, which occurred during the Class Period as well as the opening and closing

positions in such securities held by me (us) on the dates requested in this claim form.

- 9 -

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____
(Month/Year)

in _____
(City)                                    (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

   *Intercept Securities Litigation*
   Claims Administrator
   c/o GILARDI & CO. LLC
   P.O. Box 30217
   College Station, TX  77842-3217

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE AT
WWW.INTERCEPTSECURITIESLITIGATION.COM
OR, IF MAILED, POSTMARKED NO LATER THAN _____ ADDRESSED
AS FOLLOWS:**

*Intercept Securities Litigation*
Claims Administrator
c/o GILARDI & CO. LLC
P.O. Box 30217
College Station, TX  77842-3217

- 10 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re INTERCEPT PHARMACEUTICALS, INC. SECURITIES LITIGATION | : | Civil Action No. 1:14-cv-01123-NRB |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | SUMMARY NOTICE |
| | : | |
| ALL ACTIONS. | : | EXHIBIT A-3 |
| | : | |
| | x | |

TO:     ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED
        THE COMMON STOCK OF INTERCEPT PHARMACEUTICALS, INC.
        ("INTERCEPT PHARMACEUTICALS") BETWEEN JANUARY 9, 2014 AND
        JANUARY 10, 2014, INCLUSIVE, AND WERE DAMAGED THEREBY

        YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

for the Southern District of New York, that a hearing will be held on _____, at _____.m.,

before the Honorable Naomi Reice Buchwald, United States District Judge, at the United States

District Court for the Southern District of New York, Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, Courtroom 21A, New York, NY 10007-1312, for the purpose of

determining: (1) whether the proposed settlement of the claims in the Litigation for the principal

amount of $55,000,000.00, plus interest, should be approved by the Court as fair, just, reasonable,

and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered

by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair,

reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel

for an award of attorneys' fees and expenses and Plaintiffs' expenses in connection with this

Litigation should be approved.

        IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF

INTERCEPT PHARMACEUTICALS BETWEEN JANUARY 9, 2014 AND JANUARY 10, 2014,

INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS

LITIGATION.  If you have not received a detailed Notice of Pendency of Class Action and

Proposed Settlement ("Notice of Pendency") and a copy of the Proof of Claim and Release form,

you may obtain copies by writing to *Intercept Securities Litigation*, Claims Administrator,

c/o Gilardi & Co. LLC, P.O. Box 30217, College Station, TX 77842-3217, or at

www.interceptsecuritieslitigation.com.  If you are a Class Member, in order to share in the

distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail

- 1 -

1134297_1

(*postmarked no later than* _____) or submitted electronically *no later than* _____, establishing that you are entitled to recovery.

If you are a Class Member and you desire to be excluded from the Class, you must submit a request for exclusion, in writing, to *Intercept Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, CA 94901, such that it is *postmarked no later than* _____.  All Members of the Class who do not timely and validly request exclusion from the Class in response to the Notice of Pendency will be bound by any judgment entered in the Litigation pursuant to the Stipulation.

Any objection to the settlement, the Plan of Allocation, or the fee and expense application must be *received* by each of the following recipients *no later than* _____:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
> 500 Pearl Street
> New York, NY  10007-1312
>
> *Lead Counsel:*
>
> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> TOR GRONBORG or TRIG SMITH
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> *Counsel for Defendants:*
>
> WILMER CUTLER PICKERING HALE AND DORR LLP
> JAMES W. PRENDERGAST
> 60 State Street
> Boston, MA  02109

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Counsel at the address listed above or by an e-mail to Lead Counsel at

- 2 -

1134297_1

interceptclaims@rgrdlaw.com.   Copies of certain pleadings and other documents filed in the

Litigation can also be found at www.interceptsecuritieslitigation.com.


DATED: _____          BY ORDER OF THE COURT
                             UNITED STATES DISTRICT COURT
                             SOUTHERN DISTRICT OF NEW YORK

1134297_1