**Robbins Geller Rudman & Dowd LLP**

Atlanta        Chicago        Melville        Philadelphia        San Francisco
Boca Raton     Manhattan      Nashville       San Diego           Washington, DC

Tor Gronborg
torg@rgrdlaw.com

May 5, 2016

<u>VIA ECF</u>

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:    *In re Intercept Pharmaceuticals, Inc. Sec. Litig.*
>        No. 1:14-cv-01123-NRB

Dear Judge Buchwald:

In accordance with Rule 2(E) of the Court's Individual Practices, counsel for plaintiffs George Burton and Scot H. Atwood and the proposed class submit this letter in conjunction with the Unopposed Motion for Preliminary Approval of Settlement. By their motion, plaintiffs seek entry of an order: (1) granting preliminary approval of the proposed settlement; (2) approving the form and manner of giving notice of the proposed settlement to the Class; and (3) setting a hearing date for final approval of the settlement, the Plan of Allocation of the Net Settlement Fund, Lead Counsel's application for attorneys' fees and expenses, and plaintiffs' application for an award reflecting their time and expenses and a schedule for various deadlines relevant thereto.

The proposed settlement provides a recovery of $55 million in cash to resolve this securities class action against defendants Intercept Pharmaceuticals, Inc., Dr. Mark Pruzanski, and Dr. David Shapiro. The settlement is contained in a Stipulation of Settlement entered into by all parties dated as of May 2, 2016, and filed concurrently herewith.

The proposed settlement provides a significant recovery in a case where the parties had largely completed fact discovery and were in a strong position to judge the strengths and weaknesses of the case. The $55 million recovery is certainly within, if not well-above, the range of what would be determined to be fair, reasonable, and adequate. Accordingly, plaintiffs respectfully submit that an analysis of the nine *Grinnell* factors – (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation – set forth in

1143895_1

detail in the memorandum of law filed concurrently with this letter, supports preliminary approval of this settlement. *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

Respectfully submitted,

TOR GRONBORG

TG:mm
cc:  All Counsel (via ECF)