```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――― x
In re INTERCEPT PHARMACEUTICALS, : Civil Action No. 1:14-cv-01123-NRB
INC. SECURITIES LITIGATION :
: CLASS ACTION
―――――――――――――――――――――――
:
This Document Relates To: : [PROPOSED] FINAL JUDGMENT AND
: ORDER OF DISMISSAL WITH PREJUDICE
ALL ACTIONS. :
:
――――――――――――――――――――――― x

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 23, 2016, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of May 2, 2016 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Litigation as a class action defined as all persons and entities (other than those persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Intercept Pharmaceuticals during January 9, 2014 and January 10, 2014, inclusive, and were damaged thereby, excluding Defendants, present or former executive officers of Intercept Pharmaceuticals, and their immediate family members.

4. With respect to the Class, and for purposes of this settlement only, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods

for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation. Accordingly, for settlement purposes only, the Class is certified, Plaintiffs are appointed Class Representatives, and Lead Counsel is appointed Class Counsel.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable, and adequate to the Class. The Court further finds that the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Stipulation and the settlement embodied in the Stipulation are hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

6. The Litigation and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice as to the Settling Parties, including the Class. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim. Claims to enforce the terms of the Stipulation are not released.

8. Upon the Effective Date, Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, pursuing,

commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons.

9.  Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, and discharged Plaintiffs, Class Members (except any Class Member who timely and validly requests exclusion from the Class), and counsel for Plaintiffs and the Class from all claims and causes of action of every nature and description (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation, except claims to enforce the settlement and the terms of the Stipulation and claims or defenses arising from claims by any Class Member concerning a deficiency in administration of the settlement.

10. Only those Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the settlement and receive a distribution from the Settlement Fund. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

11. Upon the Effective Date, the Court permanently bars, enjoins, and restrains any and all claims for contribution arising out of the Litigation (including, but not limited to, the Released Claims) by any Person.

12. The distribution of the Notice of Pendency of Class Action and Proposed Settlement and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances,

including individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

13. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment.

14. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of

1182149_1

this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: September 8, 2016

_____
THE HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

1182149_1